E. C. GRANNISS, plaintiff in error, *vs.* BATES & COMER, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

The allegations of the bill make such a *prima facie* case of fraud as would require the overruling of a demurrer thereto.

Equity.    Fraud.    Before Judge HILL.    Bibb Superior Court.   October Term, 1874.

Comer filed his bill against Granniss, making, in brief, this case: In July, 1873, complainant instructed one J. F. Hanson, a broker, to buy, in Macon, for him one thousand shares in the "Southern Insurance Company," located in Savannah, where complainant resided, at $1 50 per share, and not to exceed $1 75 per share; the par value of each share being $10 00 per share, with $2 50 per share paid in.   Hanson, mistaking and misapprehending his instructions, not knowing the par value of the stock or amount paid in on it, approached Granniss, a citizen of Macon, in whom Hanson reposed special trust and confidence, and by reason of said Granniss being engaged in insurance, and the special agent of said Southern Insurance Company in Macon, for the purpose of complying with what he conceived to be his instructions, and offered him fifty per cent. premium on what had been paid in of said stock, equivalent to an offer of $3 75 per share, the

market value of which was not more than $1 75 per share, a fact well known to Granniss at the time. Granniss fraudulently concealed from Hanson the real value of said stock, knowing that Hanson was ignorant thereof, and agreed to furnish the required number of shares in a few days, and caused one thousand shares of said stock to be transferred on the books of the company to Bates & Comer, for whom Hanson said he was buying them, said Granniss knowing that he was about to sell said stock for about $2 00 per share above its market value by reason of the ignorance of complainant's agent, and of his mistake and misapprehension as to his instructions.

On the 19th July, 1873, the trade was concluded, and Granniss transferred and delivered the one thousand shares to said agent of complainant, and said Hanson, on that day, paid to said Granniss for said stock $3,750 00, it not being worth more than $1,750 00 on the market, as was well known, and then to reimburse himself drew a check, of which the following is a copy:

"$3,759 37.　　　OFFICE OF CHERRY & HANSON,
　　　　　　　　"Macon, Georgia, July 19th, 1873.

"At sight pay to the order of T. W. Mangham, Esq., cashier, $3,759 37 for one thousand shares Southern Insurance and Trust Company stock, value received, and charge to account of your obedient servant,　　　　"J. F. HANSON.

"To Messrs. BATES & COMER, Savannah."

"No. 101.

Indorsed: "Pay D. O. Talley, Esq., cashier, for account Central Georgia Bank.　　"T. W. MANGHAM, *Cashier*."

Complainant being absent from Savannah at the time, his book-keeper at first refused payment, but hearing afterwards that Hanson had really paid said sum, he caused the draft to be paid with his own funds.

When complainant first heard of this trade he was in Alabama, and telegraphed Hanson to cancel or go no further with

it. On his return to Georgia, and being informed as to Granniss' sharp practice, he wrote him, and receiving no reply, wrote again, to which last Granniss answered as follows:

"MACON, November 11th, 1873.

"HUGH M. COMER, Esq., Savannah, Georgia.

"*Dear Sir:* Yours of the 18th October and of the 5th instant, both at hand and noted. The former was received just on the eve of our state fair, and being very busy, was the cause of my not answering sooner.

"I sold Mr. Hanson, in July last, one thousand shares of the Southern Insurance Company stock at his own offer, and transferred the scrip as he requested, to enable him to get the money; there was no mistake between him and me, which he now admits.

"I knew of no other person in the transaction.

"Very respectfully, E. C. GRANNISS."

Prays that the sale be canceled and the money paid by him refunded with interest; or that the sale be confirmed at the market value of the stock, and his overpayment be refunded with interest.

Wilson M. Bates, the partner of complainant, was subsequently made a party by amendment.

To this bill the defendant demurred. The demurrer was overruled and he excepted.

R. F. LYON, for plaintiff in error.

A. O. BACON, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to set aside the sale of one thousand shares of stock in the Southern Insurance and Trust Company alleged to have been made by the defendant to the complainant's agent, on the ground of fraud and mistake. The defendant filed a general demurrer to the complainant's bill which was overruled by the court and the defendant excepted.

Fraud may be either actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists of any act of *omission*, or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience and operates to the injury of another: Revised Code, section 3173. Mistake relievable in equity, is some *unintentional* act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence: Code, section 3117. The suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case : Code, section 3175. In view of these general principles of the law, and assuming the allegations in the complainant's bill to be true, in relation to the sale of the shares of stock, as the defendant's demurrer does, there was no error in overruling the same.

Let the judgment of the court below be affirmed.