## COMER *vs.* GRANNIS.

EQUITY, FROM BIBB. Fraud. Vendor and Purchaser. Value. Equity. Laches. Contracts. (Before Judge Simmons.)

Blandford, J.—1. When this case was formerly before this court (55 Ga., 147,) it was held that the allegations in the bill made such a prima facie case of fraud as required the overruling of a demurrer thereto.

2. A person residing in Savannah and knowing the value of certain stock of a company in that place, instructed his agent in Macon to

purchase for him one thousand shares at $1.50 or $1.75 per share. The agent went to the agent of the company in Macon and inquired where he could get the stock. The latter asked what he was willing to pay for it, and on being informed that the buyer would pay $3.75 per share, sold at that price. The market value was not above $2.00 per share. There was no evidence of any relation of trust or confidence between the agent of the buyer and the seller, or that any inquiries were made of the seller as to the value of the stock, or that the seller knew of his ignorance thereof. Subsequently the buyer's agent discovered the mistake which he had made in executing his instructions, and a recission of the trade was demanded.

Held, that equity will not relieve against such a contract. No fraud, actual or constructive, was shown; negligence of the buyer furnishes no ground for relief; and the ignorance of a fact known to the opposite party will not justify the interference of a court of equity, if there has been no misplaced confidence or misrepresentation or other fraudulent act. Code, §§3173, 3117, 3175, 3126.

Judgment affirmed.

H. B. Tompkins, Bacon & Rutherford, for plaintiff in error.

R. F. Lyon, for defendant.