## COMER *vs.* GRANNISS.

[JACKSON, C. J., having been of counsel, did not preside in this case.]

1. When this case was formerly before this court (55 *Ga.*, 147), it was held that the allegations in the bill made such a *prima fucie* case of fraud as required the overruling of a demurrer thereto.

2. A person residing in Savannah, and knowing the value of certain stock of a company in that place, instructed his agent in Macon to purchase for him one thousand shares at $1.50 or $1.75 per share. The agent went to the agent of the company in Macon and inquired where he could get the stock. The latter asked what he was willing to pay for it, and on being informed that the buyer would pay $3.75 per share, sold at that price. The market value was not above $2.00 per share. There was no evidence of any relation of trust or confidence between the agent of the buyer and the seller, or that any inquiries were made of the seller as to the value of the stock, or that the seller knew of his ignorance thereof. Subsequently the buyer's agent discovered the mistake which he had made in executing his instructions, and a recission of the trade was demanded:

*Held*, that equity will not relieve against such a contract. No fraud, actual or constructive, was shown; negligence of the buyer furnishes no ground for relief; and the ignorance of a fact known to the opposite party will not justify the interference of a court of equity, if there has been no misplaced confidence or misrepresentation, or other fraudulent act.

December 1, 1885.

Fraud. Vendor and Purchaser. Value. Equity. *Laches.* Contracts. Before Judge SIMMONS. Bibb Superior Court. April Term, 1885.

Reported in the decision.

H. B. TOMPKINS; BACON & RUTHERFORD, for plaintiff in error.

R. F. LYON, for defendant.

BLANDFORD, Justice

When this case was before this court, as reported in 55 *Ga.*, 147, this court held that the allegations in the bill made such a *prima facie* case of fraud as required the overruling a demurrer thereto.  The bill alleged that Granniss fraudulently concealed from Hanson, the agent of the plaintiff, the real value of the stock, knowing that Hanson was ignorant thereof; also that Hanson reposed special trust and confidence in Granniss.   These are the main allegations in the bill as to fraud.   The facts are, that Mr. Comer, who lived in Savannah, and who was well acquainted with the value of the stock of the Southern Insurance and Trust Company, a company located in Savannah, met Mr. Hanson in Macon, and instructed him to purchase for the plaintiff one thousand shares of the stock in this company at one dollar and fifty cents or one dollar and seventy-five cents per share.   Mr. Hanson, the agent, knowing that Granniss was the agent of this company in Macon, approached him and desired to know where he could purchase one thousand shares of the stock of this company; Granniss inquired what he was willing to pay.   Hanson agreed to pay $1.50 for each dollar of the capital stock paid in, the same being two dollars and fifty cents on each share of ten dollars,—the amount agreed to be paid being three dollars and seventy-five cents on each share.  The market value thereof was not over two dollars per share.   Granniss agreed to furnish the stock, which he did, and Hanson paid him therefor thirty-seven hundred and fifty dollars for the one thousand shares.  Hanson says that he purchased this stock as he would a lot of cotton in the market.   A few days thereafter, Hanson discovered his mistake in regard to his instructions; that he had paid three dollars and seventy-five cents per share, when he was instructed not to pay more than one dollar and seventy-five cents per share. He and Comer applied to Granniss to give up his bargain and rescind, the one offering five hundred and the other

two hundred dollars to induce him to do so. Granniss refused.

How does it appear that Granniss concealed from Hanson the real value of this stock? No inquiries were made by Hanson of him in regard to its value. And how is it made to appear that Hanson was ignorant of its value and that Granniss knew it? The evidence does not disclose. There was nothing said by Hanson to Granniss to indicate that he was ignorant of its value, and nothing was done by Granniss to show that he could have known of Hanson's ignorance on this subject. The allegation in the bill on this subject is wholly without evidence to sustain it; and also the allegation that Hanson reposed special trust and confidence in Granniss, is wholly without foundation in fact.

There is neither actual nor constructive fraud in this case; no artifice is shown to have been practiced by Granniss, which deceived Hanson. There was no act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which was contrary to good conscience and which operated to the injury of. plaintiff. Code, §3173. There was no unintentional act or omission or error arising from ignorance, surprise, imposition or misplaced confidence. Code, §3117. Granniss suppressed no fact material to be known and which he was under obligation to communicate to Hanson. There were no confidential relations of the parties, and there were no particular circumstances in this case that put Granniss under obligations to Hanson for him to communicate to Hanson the value of these stocks so as to bring him within the provisions of section 3175 of the Code. What Hanson was ignorant of, his principal, Mr. Comer, well knew, and if he failed to communicate his knowledge to his agent, he is guilty of such negligence and want of diligence as a court of equity will not relieve him from. Code, §3126. The ignorance of a fact known to the opposite party will not justify the interference of a court of equity, if there

has been no misplaced confidence, or misrepresentation, or other fraudulent act. See last section of the Code cited. It appears to us, upon a full consideration of all the facts in this case, that the law and evidence demanded the verdict, nor do we find any material error in the several rulings of the court complained of.

Judgment affirmed.