[No. 8918.  Department One.  December 29, 1910.]

DAVID COLE, *Respondent*, v. HUNTER TRACT IMPROVEMENT
COMPANY, *Appellant*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDOR—MISTAKE.  Ig-
norance on the part of the vendor of residence lots of the fact that
the vendee was a negro, is not such a mistake of fact as will excuse
the vendor from performance of the contract or authorize a rescis-
sion, although the sale will depreciate the value of his property
and he would not have made the same if he had known the fact;
there having been no concealment or fraud.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 11, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action for specific performance.
Affirmed.

*Hughes, McMicken, Dovell & Ramsey*, for appellant.
*Andrew R. Black*, for respondent.

PARKER, J.—This is a suit to enforce specific performance
of a contract for the purchase of real property.  A trial re-
sulted in a decree of specific performance in the plaintiff's
favor, and the defendant has appealed therefrom.

The facts affecting the rights of the parties may be
summarized as follows:  The appellant is the owner of a
large addition to the city of Seattle, which is generally
regarded as high class residence property.  The respondent
is of the negro race.  The appellant claims, and introduced
evidence tending to show, that if sales of lots in this addi-
tion were made to people of that race it would depreciate
the value of the addition as residence property, and result
in material loss to appellant, and that for that reason ap-
pellant has refrained from selling to negroes.  In 1907 ap-
pellant entered into a contract for the sale of one of the lots
to respondent.  The contract was executed by appellant by
its president and secretary, and was executed by respondent

[1]Reported in 112 Pac. 368.

by A. R. Black, his agent and attorney. Appellant did not know that respondent was a negro until after all payments had been made upon the purchase price and he was entitled to a deed under the terms of the contract, a year or more after its execution. There is no evidence that respondent purposely concealed from appellant that he was a negro, nor that he knew that the fact of his being a negro would have induced the appellant to refrain from selling him the lot. The consummation of the sale in respondent's behalf by others was evidently because of the fact that his business rendered it more convenient to have the matter attended to in that way. We may also add that the evidence does not show that any of the persons dealing with appellant for respondent knew that the fact of his being a negro would have induced appellant to refrain from selling him the lot. Upon discovering that respondent was a negro, appellant offered to refund to him the purchase money with interest, and refused to give him a deed upon the sole ground that he was a negro and that appellant did not know that fact at the time the contract was made nor until after the purchase price was paid.

The substance of appellant's contention is that these facts show such a mistake on its part as will entitle it in equity to rescind this contract and avoid specific performance thereof. We cannot agree with this contention. It seems to us that this mistake is not of the essence of the contract. It may have to do with the motive of appellant in making sales of lots in the addition, but we are unable to see how, in principle, this mistake differs from a mistake in value of a thing which may be the subject of a sale. It is not claimed that there was any fraud in this transaction; of course there could not be, because both parties were ignorant of facts which would have induced appellant not to make the sale. Both parties were not ignorant of the same facts it is true, but appellant not knowing that respondent was a negro, and respondent not knowing that such fact would influence appellant not to make the sale, it is the same in effect as if they were both ignorant of some

single fact affecting appellant's motive; such, for instance, as both being ignorant of and mistaken as to the real market value of the lot. If there is any difference here as to the obligation resting upon the respective parties to inform themselves as to the facts which would induce appellant not to make the sale, it would seem more just to require appellant to inform itself as to the race of respondent than to require respondent to inform himself as to appellant's desire not to sell to negroes. Appellant certainly had more reason to pay attention to facts affecting its own motives than respondent had to suppose that such motives would be affected by the mere fact that he was a negro. It may well be argued that there was no mistake on the part of appellant as to the person of respondent. There was no mistake as to his ability to perform his contract, but only as to his color, which in no way affected the rights of either party as expressed by the terms of this written contract. While respondent's color would have induced appellant not to make the sale had it known that fact, that was not of the essence of the contract, but related to a supposed influence that such a contract would have upon other interests of appellant. It seems to us that this mistake does not come as near being related to the rights of the parties under the contract as a mistake in the value of the thing sold would, and it seems clear that a mistake of that nature, in the absence of fraud with the parties standing at arm's length, would not entitle either party to rescind. *Sankey's Executors v. First Nat. Bank,* 78 Pa. St. 48; *Dambmann v. Schulting,* 75 N. Y. 55; *Stettheimer v. Killip,* 75 N. Y. 282; *Comer v. Granniss,* 75 Ga. 277.

We have not had any decisions of the courts called to our attention involving a mistake of this exact nature, but we think the cases above cited are applicable to the principle here involved. We are of the opinion that the decree of the learned trial court should be affirmed. It is so ordered.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.