THOMPSON *et al.*, Respondents, v. McCULLOUGH *et al.*, Appellants.

1. If a person buys paper from a note broker, and it does not appear that the latter disclosed the name of his principal, or that credit was given to the principal; and there is no other evidence to show that the broker was acting as agent for others, except that he was known by the person dealing with him to be engaged in this sort of agency, he is to be held as principal.
2. The vendor of a bill or note, without endorsement by him, is responsible for the genuineness of the paper. If the signatures of the parties thereto are forgeries, the consideration fails.

*Appeal from St. Louis Circuit Court.*

The facts of this case are sufficiently stated in the opinion of the court.

*Knox & Kellogg*, for appellants.

I. A note-broker is the mere agent of negotiable securities to realize moneys from such securities for his principal. It is not his province to make inquiry as to the genuineness of prior parties on the note received by him, unless there are circumstances connected with the transaction calculated to create suspicion in the minds of men of ordinary prudence. It is sufficient for him to know that the signature of the party from whom the note is received is genuine. There is no evidence of negligence on the part of the defendants in regard to the notes in question. The cases which have held him who transfers a negotiable security on which one of the names was forged, are cases where the money received for such securities was for the use of the persons making the transfer. (2 John. 455; 6 Mass. 182.)

*W. T. Wood*, for respondents.

I. The following authorities were cited to sustain the action of the court below : Edwards on Bills & Prom. Notes, p. 291 ; 4 Duer, 79 ; 1 Hill, N. Y., 290 ; Sto. Prom. Notes, § 118, p. 123 ; Am. Law Reg., 1855, p. 502.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought to recover the amount of several forged notes, amounting in all to $1,469.19, which the defendants had sold to the plaintiffs. The defendants were note-brokers, and it appeared that the names of the makers of the notes were forged by a member of the firm, in whose name they were endorsed. The endorsements were genuine, but the endorsers Colson, Keep & Co. were at the time of the trial proved to be insolvent, and although engaged in business at the date of the sale of the paper, they were then in failing circumstances. The plaintiffs had a judgment.

The bill of exceptions does not show that any question was raised at the trial, by evidence or by instructions, as to whether the defendants were dealing with the notes as principals or agents. It merely appeared that they were bill-brokers and that the plaintiffs dealt with them, knowing them to be engaged in this sort of agency. There was no evidence, other than this fact, to show that they were acting as agents for any one else ; or if they were, that they disclosed the name of their principal, and that the plaintiffs gave credit to him. Under such circumstances the defendants are to be held as principals.

It appears to be very well settled, that the vendor of a bill or note, without endorsement, is responsible for the genuineness of the paper. He is considered as representing the note to be signed and endorsed by the persons whose names appear upon it in that character ; and if these signatures are forgeries, the consideration fails. (Young and others v. Womersley and others, 3 Amer. Law Reg. 502 ; 1 Jurist, N. S., 328.) Judgment affirmed.