R. W. HICKMAN, Appellant, v. J. G. DILL, Respondent.

Kansas City Court of Appeals, February 17, 1890.

1. **Chattel Mortgages:** WARRANTY: SUBSEQUENT TITLE ENURES. There is an implied warranty of title where a vendor sells personal property in his possession, and not merely his interest therein and such warranty covers encumbrances on the chattel. If the vendor's title failed and he afterwards acquired the title, it will enure to his vendee. So where the title of a mortgagor of a growing wheat crop fails, by reason of the foreclosure of prior mortgage on the realty, and thereafter such mortgagor acquires the title to the wheat from the purchaser at the foreclosure sale of the realty, such after-acquired title enures to the mortgagee.

2. **Appellate Practice:** PREMATURE ACTION: NOMINAL INTEREST OF DEFENDANT. When it appears that plaintiff is entitled to recover but for the fact of bringing his action before default in mortgage, and that defendant's interest is merely nominal and nothing can be gained by remanding, the judgment will be reversed simply.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*Boyd & Sebree*, for the appellant.

(1)  At the time the deed of trust was made from Sturgess to Vanstone as trustee for Crum, the wheat in controversy was *in esse,*—it had a "potential existence." Sturgess was in the actual possession of it, and in possession of the land upon which it was grown, until it was harvested and removed from the land. It was, therefore, a proper subject of sale or mortgage, at the time the deed of trust was made. His attornment to Hyde was not a purchase of the wheat. It was simply an acknowledgment of Hyde as his landlord, and a promise to pay the rent to him, the same rent he had agreed to pay Vanstone. The deed of trust was, therefore, valid, and the trustee was entitled to the possession of the wheat from and after the maturity of the debt. Benj. Sales [2 Am. Ed.] secs. 78, 80; Jones on Chat. Mort., secs. 153, 174, 484, 490; *Wright v. Bircher*, 72 Mo. 179, and Mo. App. 323; *Thompson v. Forestel*, 10 Mo. App. 298; *Frank v. Playter*, 73 Mo. 677; *Rutherford v. Stuart*, 79 Mo. 217; *France v. Thomas*, 86 Mo. 84; *Petring v. Chrisler*, 90 Mo. 655. (2) Even though this suit may have been prematurely brought, the defendant Dill is not entitled to the return of any portion of the wheat seized. The amount of wheat taken being less than the one-half of the crop, and less in value than the debt secured, and the debt remaining unpaid, plaintiff has the right to the possession of it since the maturity of the debt, in August, 1886. *Boutwell v. Warne*, 62 Mo. 350; *Dolworth v. McKelvy*, 30 Mo. 149; *Gillham v. Kerone*, 45 Mo. 487; *Babb v. Talcott*, 47 Mo. 843; *Jones v. Evans*, 62 Mo. 375; *Hickman v. Dill*, 32 Mo. App. 509. Dill being a purchaser from Sturgess, with full notice of the deed of trust to Crum, can occupy no better position than Sturgess. Appellant submits that the judgment

of the circuit court should be reversed, and the costs accrued since case was in this court before should be taxed against respondent.

*J. P. Strother*, with *Davis & Wingfield* and *Yerby & Vance*, for the respondent.

(1) There was no error in refusing the plaintiff's instructions. *Geyer v. Girard*, 22 Mo. 159; *Salmon v. Fewell*, 17 Mo. App. 118. (2) Where there is any present interest in the property conveyed for the deed to operate upon, the law presumes that this was the only interest intended; and an after-acquired title would not pass, even of real estate. A sale by mortgagee cuts out all subsequent encumbrances. *Russell v. Heirs of Mullanphy*, 4 Mo. 319, and the whole title of Crum being destroyed by the sale by Hyde, Dill's purchase was free from any encumbrance. (3) On the whole case, the judgment was clearly for the right party, and, if so, will not be disturbed. The value was correctly assessed. *Schultz v. Hickman*, 27 Mo. App. 21.

ELLISON, J.—This cause was before us on another occasion and will be found reported in 32 Mo. App. 509. It is now again before us on plaintiff's appeal. By reference to that report a full statement of the case may be found.

On a retrial, plaintiff introduced testimony to support the offers he made on the first trial; but defendant, in support of his case, introduced evidence which calls for consideration of matters not involved in the case when here before.

By that evidence it appears that the land upon which the wheat was grown was encumbered by a deed of trust given by Mary Lynch, the then owner, to one Hyde. That Vanstone purchased the land from Mary Lynch subject to a deed of trust, and afterwards rented it to Sturgess who sowed the wheat in controversy and who, on January 8, 1886, gave the deed of

trust, or chattel mortgage thereon, under which plaintiff claims and by authority of which he brought this action.

In May, 1886, before the wheat matured or was cut, the prior deed of trust on the land, of Lynch to Hyde, was foreclosed by sale, Hyde becoming the purchaser. Sturgess then, recognizing Hyde as the owner of the land, entered into a contract with him whereby Sturgess was to cut the wheat, thresh and haul it to the elevator for one-half thereof. Sturgess then sold his half of the wheat in controversy to defendant Dill, who likewise bought the other half of the crop of Hyde.

It is clear that by the sale under the deed of trust on the land the whole of the immature crop of wheat passed to Hyde, the purchaser at that sale, to the exclusion of the title of the lessee Sturgess, or those claiming under him. The deed of trust on the land was prior to the mortgage of the wheat by Sturgess and prior to his lease. It was foreclosed before the maturity of the wheat; the wheat passed with the land. This was expressly held in an opinion by HALL, J. *Salmon v. Fewell*, 17 Mo. App. 118.

Whatever interest, therefore, plaintiff obtained in the wheat by the Sturgess deed of trust was divested by the sale under the deed of trust on the land, and the question is, what effect does the fact that Sturgess afterwards acquired the wheat from the purchaser at the land sale have as regards plaintiff's mortgage.

There is, in the sale of personal property in the possession of the vendor, an implied warranty of title. *Schell v. Stevens*, 50 Mo. 375. This is true if the thing itself be sold and not merely whatever interest the vendor may have. And this warranty will cover encumbrances on the chattel. *Dresser v. Ainsworth*, 9 Barb. 619. If a vendor sells personal property to which he has no title, but does afterwards acquire the title, it will enure to his vendee. *Sherman v. Trans. Co.*, 31 Vt. 162; *Moore v. Bynum*, 10 S. C. 463.

The last proposition is a sequence from the first. For, if the vendor is liable on his warranty, he should not be permitted to assert his after-acquired title, for, if he is permitted to successfully assert it, he must immediately respond to an action on his warranty; and thus to save or prevent such unnecessary actions he will be estopped in the first instance and the title will enure to the vendee by estoppel. While in regard to real estate a rule similar to this is embodied in the statute, Revised Statutes, 1879, section 3940, it is nevertheless a rule as to personal property, regardless of the statute, which is well grounded in reason and justice. We are of the opinion that the rule will apply to a mortgage of chattels as well as to an absolute sale, so that if one mortgages personalty to which he has no title, and afterwards acquires the title, it will enure to the mortgagee. In this connection see opinion of BRIGGS, J., in *Gottschalk v. Klinger*, 33 Mo. App. 410.

The rule should be applied to the facts of this case. Here the mortgagor had a title at the time he executed the mortgage subject to be defeated by foreclosure of the deed of trust on the land. This title being closed out, he re-acquired it complete from the purchaser at the foreclosure sale, and we are aware of no reason why it should not enure to his mortgagee, so that his mortgage would stand as though he had had the title he warranted he possessed at the time he executed it.

We are not of the opinion that the case of *Geyer v. Girard*, 22 Mo. 159, to which we have been cited, is applicable to the case before us. In that case a lessee gave a deed of trust on his lease to his lessor; the lessee was then evicted from the premises by a title paramount to the lessor's. The lessee then took a lease from the party evicting him, and who had asserted the paramount title. Afterwards the lease was sold under the deed of trust given to the original lessor whose title had failed, and the purchaser thereunder claimed that the

lessee's title under his last lessor, the true owner, enured to him by reason of the implied warranty in the deed of trust. The supreme court denied the claim on the ground that the purchaser under the deed of trust was in no better situation than the original lessor.

From the foregoing views it appears that but for the fact of plaintiff having begun this suit before default in the deed of trust, as explained in 32 Mo. App., *supra*, he would be entitled to recover. But since the evidence in the cause shows that the debt secured by plaintiff's deed of trust on the property amounted to more than its highest value, defendant's interest therein is merely nominal, and, as nothing is to be gained by remanding the cause, we shall reverse the judgment, the costs to be taxed against the plaintiff. All concur.