GRANT S. WATKINS, Appellant, v. CRENSHAW & HILL, Respondents.

### Kansas City Court of Appeals, November 5, 1894.

1. **Chattel Mortgages:** AFTER ACQUIRED TITLE OF PROPERTY. If one mortgages chattels to which he has no title and afterwards acquires title thereto, such title will inure to the mortgagee.

2. ———: ———: INSTRUCTION. In action of replevin for a horse, where plaintiff's title is based on a chattel mortgage, it is proper to tell the jury, even though the mortgagor did not own the horse at the time he executed the mortgage nor have it in his possession but afterwards the horse came into his possession' as owner thereof, that the mortgage became operative as to said horse, provided the mortgagor had the description of said horse inserted in the mortgage, pretending to own him.

3. **Evidence:** INADMISSIBLE. Though the plaintiff in a replevin suit has displayed active interest in having the mortgagor in the mortgage under which he claims, indicted and arrested in a criminal prosecution, yet testimony thereof has no relevancy to the issue and should be excluded.

4. **Appellate Practice:** SUFFICIENCY OF JUDGMENT: ABSTRACT. An appellate court can not determine whether a judgment is sufficient or not when it is not found in the abstract before it.

Watkins v. Crenshaw & Hill.

*Appeal from the DeKalb Circuit Court.*—HON. WM. S. HERNDON, Judge.

REVERSED AND REMANDED.

*James M. Wilson,* and *Grant S. Watkins* for appellants.

(1) Plaintiff's fourth instruction should have been given, and defendants' third instruction refused; where a mortgagor of chattels without title to them afterwards acquires the title, the same inures to the mortgagee. *Hickman v. Dill,* 39 Mo. App. 246; *Keating v. Hannenkamp,* 100 Mo. 161. (2) The court erred in allowing Carmichael to testify at length to plaintiff's interest and activity in having him indicted and arrested on a criminal charge. (3) The judgment in this case is erroneous. When a judgment has to do with specific property, it is essential that the property be designated in the judgment with such a degree of certainty that it can be identified without reasonable opportunity for mistake. 1 Black on Judgments, sec. 117.

*Harwood & Miller* for respondents.

(1) The court did not err in refusing plaintiff's fourth instruction, for the reason that there was no evidence upon which to base it. If the doctrine of the fourth instruction (refused) is the law in this state, it could only apply to the original parties to the mortgage and not extend to the third parties. The instructions taken together fairly presented the law of the case to the jury. (2) The court committed no error in permitting the witness, Carmichael, to testify with reference to plaintiff's connection with his prosecution, for the

reason that appellant originated the inquiry about Car-michael's prosecution (appellant's abstract of record, page 8), then, respondent certainly had a right to enter into appellant's connection with it. (3) He who alleges error must show it. The judgment rendered by the trial court is not before this court. No objection to the judgment is preserved. For these reasons this court will not review the action of the trial court in this respect.

SMITH, P. J.—This is an action of replevin which was brought to recover the possession of a horse. There was a trial in the circuit court resulting in a judgment for defendant, from which plaintiff has appealed.

The principal ground of the plaintiff's appeal is that the trial court erred in refusing to tell the jury, as requested by him, in effect, that even though Carmichael did not own the horse in controversy at the time he executed the mortgage, and did not at that time have him in his possession, but afterwards came into possession of him as the owner thereof, then the said mortgage became operative as to said horse, provided said Carmichael actually had the description of said horse inserted in the mortgage, pretending to own him, and the verdict should be for plaintiff.

In view of the evidence it seems to us that this instruction, in connection with the others that were given, was proper and should not have been refused. The plaintiff claimed the horse under a chattel mortgage of which he was assignee, executed by Carmichael. There was testimony adduced, the tendency of which was to prove that the description of the horse taken under the writ was identical with that in the mortgage. Carmichael, the mortagor, testified that he did not own the horse taken under the writ at the time he executed

the mortgage; that the horse described in the mortgage was another and different one long since dead and that he purchased the one in dispute some days after the execution of the mortgage and that he did not intend to include him in the mortgage. He produced a postal card written by one Haynes to him with "postoffice stamp mark Gallatin, May 2, 1891" relating to the transaction of the purchase of the horse. There was, therefore, some evidence tending to show that when Carmichael mortgaged the horse he had no title to him, but that afterwards he did acquire the title. The rule of law in this state is that if one mortgages chattels of which he has no title and afterwards acquires title thereto, it will inure to the mortgagee. *Hickman v. Dill*, 39 Mo. App. 246; *Keating v. Hannekamp*, 100 Mo. 161; *Drug Co. v. Robinson*, 81 Mo. 18; Jones on Chattel Mort. [3 Ed.], sec. 164. We think the plaintiff was, under the evidence, entitled to a submission of the case to the jury upon the theory embraced in the instruction to which we have already referred.

It is not perceived that the testimony of the witness Carmichael for defendant as to the active interest displayed by plaintiff in having the witness indicted and arrested in a criminal prosecution has any relevancy to the issues involved in the case, and therefore the same should not have been excluded by the court on the objection of the plaintiff.

The objection that the judgment is insufficient may be well taken but, whether so or not, we can not determine since the same is not found in the abstract of the record before us. For these reasons the judgment of the circuit court will be reversed and cause remanded. All concur.