(Hamilton County Common Pleas, 1901.)

## UNION SAVINGS BANK & TRUST CO. v. HATTIE F. SEWELL ET AL.

*Covenant to reach after acquired title—*

(1.) A covenant of warranty to be applicable to an after-acquired title must be a covenant annexed to or which runs with the land.

*Covenant which does not extend to after acquired title—*

(2.) A warranty is only coextensive with the grant. Therefore, a deed or mortgage conveying "all our and each of our title and interest in the following described real estate" with covenant or warranty in the ordinary form, without recital or other description of any particular interest or interests owned by grantors, or intended to be conveyed, binds only the vested interests of grantors at the time of conveyance and does not extend to an after-acquired title.

*Not within rule as to mortgage without title—*

(3.) Such a mortgage, executed by husband and wife and children, is not with the rule that one who mortgages real estate to which he has no title, and who afterwards acquires title, is, with those claiming under him estopped to claim against the mortgage.

HOLLISTER, J.

John W. Sewell died intestate, seized of real estate in this county, and was deeply in debt. His widow and children, one of whom was Hattie F. Sewell, executed a mortgage to William G. Williams, to secure a debt of theirs to him, in which they granted to him, his heirs and assigns forever, "all our and each of our title and interest in the following described real estate in Cincinnati, Hamilton county, Ohio;" and then follows a description of certain real estate of which John W. Sewell died seized.

The mortgage is in the usual form of a conveyance, and has a defeasance clause in the ordinary language: And the grantors, "each for themselves and for their heirs, executors and administrators, do hereby covenant and agree with the said grantee, his heirs and assigns, that they are the true and lawful owners of the said premises, and have full power to convey the same; that the title so conveyed is clear, free and unincumbered; and further, that they do warrant and will defend the same against all claim or claims of all persons whomsoever."

The administrator of Sewell brought an action in the probate court to sell his intestate's real estate, including that which had been mortgaged to Williams, to pay debts. Williams was made a party defendant and filed an answer and cross-petition, setting up his mortgage.

Such proceedings were had that the property was sold by the administrator at public sale to Hattie F. Sewell, who had theretofore arranged with the Union Savings Bank & Trust Company for the money with which to complete and carry out her purchase. When the deed of the administrator was delivered to her, she delivered to the Union Savings Bank & Trust Company a mortgage on all of the real estate purchased at the sale by 'her to secure it for the money loaned to her.

Hattie F. Sewell being in default for interest according to the terms of the mortgage, the bank brought this action in foreclosure and made Williams a party. In the distribution of the proceeds of the administrator's sale, the debts of Sewell's estate were not satisfied, so nothing came to Williams upon his mortgage. To the petition of the bank, Williams answered and by way of cross-petition set up the note given him by the Sewells and their mortgage to him securing it, with its covenants of general warranty in fee simple, and claiming that by virtue of the previous mortgage to him by them, and the covenants therein contained and of the acquirement of the title by Hattie F. Sewell, his mortgage is prior to that of the bank, and asking for a foreclosure. It is undoubtedly the rule in this country, as claimed by counsel for Williams, that one who mortgages real estate to which he has no title, and who afterwards acquires title, is estopped to claim against the mortgage and those claiming under the mortgagor are also estopped. *Philly* v. *Sanders* 11 Ohio St., 490; Rawle on Covenants, Title 4, 95, 392 and cases cited in note 1; 11 Am. & Eng. Enc. Law (2 ed.), 403; 19 American Dig. (Cent. ed.) 9016ff; *Patterson* v. *Pease*, 5 Ohio, 190, 191.

The result of this rule would bring it about, that as Hattie F. Sewell warranted her title to Williams, she and the bank claiming under her would be estopped to deny the effect of her warranty, when she acquired the title through her purchase at the sale. The Williams mortgage would then become prior in right to that of the bank, a situation most unexpected, doubtless to all concerned. But the rule as stated, is too broad; for, in this case, the thing granted was not the land itself, but the grantor's interest in the land. The warranty to be applicable to an after-acquired title must be a covenant annexed to the land. The covenant of warranty goes with the land. *Patterson* v. *Pease, supra; Boyd* v. *Longworth,* 11 Ohio, 235; *Kinsman* v. *Loomis,* 11 Ohio, 475.

The distinction is clearly put in *White* v. *Brocaw,* 14 Ohio St., 339, 343. Judge Ranney says, denying the claim that the covenant of general warranty in the deed under discussion in that case worked an estoppel against the grantor: "The deed is in the ordinary form of bargain, sale and release, and purports only to convey to the grantees 'all the estate, right, title, interest, claim and demand, both in law and equity, of the said Michael V. Brocaw and Magdalene, his wife, of, in and to, the said premises and every part thereof.' It contains no recital, or other description whatever, of any particular interest owned or possessed by the grantors, or intended to be conveyed, and where that is the case, it is well settled that the warranty is only coextensive with the grant and binds only the vested interests of the grantor in the property at the time, and does not extend to an after-acquired title." In support of this the court cites Rawle on Covenants, 420; *Blanchard* v. *Brooks,* 12 Pick., 67; *Brown* v. *Jackson,* 16 U. S. (3 Wheat.) 449, 452; *White* v. *Shaw,* 5 Cush., 56; *Miller* v. *Ewing,* 6 Cush., 34, all of which give ample support to the doctrine. And the same rule with the same distinction seems to apply to chattel property also. *Hickman* v. *Dill,* 39 Mo. App., 246.

This case at bar comes squarely within the operation of the rule last expressed. Hattie F. Sewell conveyed to Williams only her title and interest then existing. She did not convey the land itself. Her covenant did not, therefore, run with the land; hence the lien of her mortgage to Williams did not attach when she afterwards acquired the property. Entertaining these views it is not necessary for the court to decide what effect should be given to the fact that Williams was a party to the suit to which the sale was made. A decree may be taken in accordance herewith.

*Howard Douglass* and *George W. Harding,* for the bank.

*Wilby & Wald* and *Chas. E. Tenney,* for Mr. Williams.