## MRS. W. B. HUNT, Appellant, v. W. E. SANDERS.

### Division One, June 6, 1921.

1. **NEGOTIABLE NOTE: Seller: Warranty.** Under the Negotiable
Instrument Law, and at common law before that statute was en-
acted, any person selling a negotiable instrument, whether the
owner, or the agent of an undisclosed principal, represents and
warrants the genuineness of the signature thereto, although the
seller's name does not appear thereon.

2. ———: ———: ———: **Forgery.** In an action to recover the
amount of forged notes sold to plaintiff, an instruction telling the
jury that the mere fact that defendant sold to the plaintiff forged
notes and deeds of trust is not sufficient to warrant the jury in
finding against defendant, is erroneous, for such is not the law,
but the very reverse of the law. If there are no other facts in the
case than that the notes and deeds of trust were forgeries and
that defendant sold them to plaintiff, the defendant, under the
statute (Sec. 10035, R. S. 1909) and at common law, is liable for
the amount of the notes.

3. ———: ———: **Express and Implied Warranty: Relying on Re-
presentations.** Where plaintiff does not attempt to submit his case
to the jury as on an express warranty, but only on an implied

288 Mo.—22

warranty, an instruction for defendant telling the jury that it was immaterial that plaintiff relied upon defendant's representations, or that he had no attorney to examine the forged notes sold to him by defendant, which latter fact was withdrawn from their consideration, is not erroneous.

4. ———: Despoiling Paper: Presumption: Instruction. Wilfully despoiling a document will justify a presumption of law against the despoiler, that the contents of the document were not as stated by him. But such rule has no application where the document destroyed was a written opinion by an attorney attached to an abstract which simply referred to the title, and the only dispute between the parties was whether said opinions were addressed to the defendant or his undisclosed principal, and none as to their contents. Under such circumstances, the instruction should not tell the jury that the presumption of law is that if such opinions were produced in evidence they would be against the interest of plaintiff, but if any instruction at all is given it should be limited to creating a presumption that the opinions were addressed to the principal, as claimed by defendant. But where the evidence shows that the document was not wilfully destroyed to suppress evidence, it is error to declare in an instruction that there is any presumption of law in reference thereto. Presumptions of law disappear when facts and circumstances appear from which conflicting inferences may arise.

5. ———: Burden of Proof: Instruction. Where nothing unnecessary to be proven is stated in the other instructions, it is not error to instruct the jury that "the burden of proof is upon the plaintiff to prove all the facts necessary to a verdict in his favor, as defined in these instructions."

6. ———: Defendant's Knowledge of Forgery. Where defendant is sued for the amount of forged notes sold by him to plaintiff, it is error to permit defendant to testify that he did not know they were forged for some time after plaintiff purchased them, or that his undisclosed principal was or had been dealing in forged paper. Whether defendant knew that the notes were forged, or that his principal was dealing in forged paper, is wholly irrelevant and immaterial, where he sold the notes to plaintiff, and the petition in no wise calls his innocence or good faith in question.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson*, Judge.

REVERSED AND REMANDED.

*H. S. Miller* for appellant.

(1) Instruction 8, requested by the plaintiff and re-fused by the court, properly declared the law as held in Thompson v. McCullough, 31 Mo. 224, and many de-cisions following. In fact, Sec. 851, R. S. 1919, is to the same effect, and we fail to understand why said instruc-tion was refused. It was admitted in this case that the signatures were forged. It is not necessary for the plain-tiff to show that the defendant forged the notes and deed of trust, in order to recover. It is not even necessary for the plaintiff to show that the defendant knew that the notes and deeds of trust were forged at the time they were negotiated. The law is that when a person sells a note as owner or agent for an undisclosed principal, he guarantees and warrants the signatures on the notes to be genuine regardless of what the facts may be as to forgeries or otherwise. Stewart v. Sparkman, 75 Mo. App. 109; Kinlen v. Street Ry. Co., 216 Mo. 163; Mc-Rue v. Railroad, 109 Mo. 582; Jackson v. Railroad, 29 Mo. App. 495; Hannah v. Bayler, 27 Mo. App. 302; Meredith v. Wilkinson, 31 Mo. App. 1; Sawyer v. Drake, 34 Mo. App. 472. (2) Instruction B given at the in-stance and request of the defendant is clearly erroneous. If the evidence shows that defendant Sanders sold plain-tiff the notes and deeds of trust in controversy, and that they were forged, then plaintiff makes out a prima-facie case. The burden of proof is not on plaintiff to show that the defendant was acting as agent for Wilgus. If the defendant was acting as agent for Wilgus, that is a matter of defense and no part of plaintiff's cause of action. Thompson v. McCullough, 31 Mo. 224; Sec. 851, R. S. 1919. Said section of the statutes covers this whole case, and clearly brands said Instruction B as erroneous. (3) Instruction C given by the court at the instance and request of the defendant, is not only erroneous but is also vicious. Some of the documents destroyed were the opin-

ions given by Mr. Dewey as to the title of the land conveyed by the mortgages in question. The only evidence on this proposition is the evidence of the husband of plaintiff to the effect that he destroyed these opinions shortly after he got the loans and before he knew that the notes and deeds of trust were forgeries. There is no evidence to the contrary. As a matter of course, if Mr. Hunt knew nothing of the forgery at the time he destroyed the opinions, there would be no call for said instruction. Certainly a presumption could not arise against the interest of an individual in a matter of this kind unless he knew the facts. Said instruction is entirely too sweeping and vicious and is not based upon the law and the facts in this case, and is not justified from any viewpoint. In any event the documents destroyed should be material documents. The word material appears nowhere in the instruction. (4) Instruction D is wrong and ought to have been refused. The main issue in this case was as to whether or not the defendant sold the notes to plaintiff as owner or as agent for an undisclosed principal. There is no dispute but that the defendant negotiated the loans. The defendant himself admits that much. Said Instruction D practically cuts off all argument as to what the defendant Sanders may have said or told plaintiff or her husband at the time of the transactions. Clearly what the defendant Sanders may have said at the time of the transactions and at the time he delivered the notes to the plaintiff and received the checks therefor, is evidence, even though this suit is not based on a special warranty on the part of the defendant. (5) Instruction E, which is an instruction on the burden of proof, is erroneous. Thompson v. McCullough, 31 Mo. 224. (6) The court erred in permitting defendant to testify as to when he ascertained that Wilgus was engaged in the business of selling forged notes and deeds of trust. This evidence is wholly immaterial and yet highly prejudicial.

*R. M. Sheppard* for respondent.

(1)  The appellant's next contention is that the court erred in giving Instruction B.  This instruction told the jury that the mere fact that defendant sold the notes and deeds of trust in controversy to the plaintiff and that said notes were forgeries and therefore worthless was not sufficient to warrant the jury in finding the issues against the defendant.  This instruction was in accord with the theory upon which the plaintiff tried this case and the instructions given on behalf of the plaintiff. Plaintiff was claiming that defendant owned the notes or that he sold them as the agent of an undisclosed principal.  Plaintiff's petition had alleged a warranty upon the part of the plaintiff which could have been established either by proving an expressed warranty, or an implied warranty. Plaintiff's evidence discloses that there was an express warranty.   This was denied by the defendant, defendant asserting that he had told plaintiff that he was selling the notes for Wilgus.  Under this state of the record it was clearly necessary for the jury to find that the defendant sold the notes in question as owner or that he sold them as the agent of an undisclosed principal. These two phases of the case were covered by plaintiff's instructions, which required the jury to find that the defendant sold these notes to the plaintiff as owner or as the agent of an undisclosed principal.  It was necessary for the jury to find that Sanders was either acting for himself or that he was acting for an undisclosed principal, and, all the facts having been disclosed, there was not any room for any presumption arising from the mere fact of sale.  If there had not been any evidence as to what was said and done at the time of the sale there might be some merit in plaintiff's contention.  But where all the facts appear, there is not any room for presumptions.  Brannock v. Jaynes, 193 S. W. 55.  (2)  The evidence shows that the attorney's opinion in question was of vital importance, because if, as plaintiff contends, they

were addressed to the defendant Sanders, that would have been almost conclusive proof that Sanders was the owner of the notes; upon the other hand, if the opinion respecting the title were addressed to Wilgus, this was at least a circumstance to show that Wilgus and not Sanders was the owner of the notes. Plaintiff had voluntarily destroyed these letters. Under all the authorities, Instruction C under this record was a proper instruction. Barker v. Pub. Co., 152 Mo. App. 717; Pomeroy v. Benton, 77 Mo. 87; Tracy v. Buchanan, 167 Mo. App. 438; Allomong v. People, 75 Mo. App. 280; Dooley v. Greening, 201 Mo. 343. (3) Instruction D was a proper instruction. The issues were whether or not there was an expressed or implied warranty by the defendant. The question as to whether or not the plaintiff or her husband relied upon defendant Sanders did not enter into the case. If Sanders sold the paper either as the owner or as agent for an undisclosed principal, he warranted the genuineness thereof, and the question as to whether or not the plaintiff relied upon his statement is immaterial. This instruction does not withdraw from the jury statements made by defendant as claimed by the appellant. This instruction simply told the jury that the question as to whether or not the plaintiff relied upon statements made by the defendant were immaterial. The latter part of the instruction withdrew from the jury the consideration of the evidence that the plaintiff did not have an attorney, for this question was wholly irrelevant to the issues in this case. The fact that plaintiff had or did not have an attorney did not prove or tend to prove or disprove the claim that defendant sold the note as owner or agent of an undisclosed principal. (4) The burden of proof is always upon the plaintiff. Instruction E is the ordinary instruction upon the burden of proof. Stofer v. Dunham, 208 S. W. 641. (5) It was certainly material in this case to know whether or not Sanders knew prior to the sale of the notes to the plaintiff that Wilgus was dealing in forged notes. It was perfectly

proper, therefore, to show that he did not know Wilgus was engaged in the business of selling forged and duplicate notes until a long time after this transaction. The only two controverted issues in this case are whether or not the plaintiff sold the notes in question as the owner or as the agent of an undisclosed principal.

SMALL, C.—Appeal from the Circuit Court of Jasper County.

The plaintiff sued the defendant to recover the amount she paid him for certain forged negotiable notes, purporting to be secured by certain deeds of trust, also forgeries, which she claims defendant sold her, and which notes and mortgages the petition alleges, "purported to be and what defendant then warranted to be, and plaintiff relying on such warranty believed to be, good" and valid securities, but which were forgeries, and plaintiff lost her entire investment.

There were five counts in the petition, each arising out of the purchase of one of such notes.

The answer was a general denial.

That the notes and deeds of trust were forgeries was not seriously contested by defendant at the trial.

The plaintiff's evidence tended to prove the allegations in the petition, and to show that the plaintiff herself took no part in the purchase of the notes, but that her husband purchased them from the defendant, representing plaintiff as her agent.

Plaintiff's husband testified: That defendant showed him the real estate, which was all in the City of Joplin, by which the notes purchased purported to be secured by deeds of trust, and that witness said to defendant before he purchased the notes that he did not know whether the papers were all right or not, and that if defendant knew they were all right he would take the loans, but if they were not, he did not want them. That defendant said, "I know the papers are absolutely good and that you [plaintiff's husband] need not be worried

a moment about it.'' Thereupon, and relying upon de-
fendant's statement, the plaintiff's husband gave the de-
fendant checks payable to defendant for the full amount
of the notes, and received the notes and deeds of trust
and abstract of the property from the defendant. That
defendant said nothing about representing A. B. Wilgus,
Jr. That witness asked defendant whether he had
better get an attorney to examine the papers, and he
said it was not necessary, they were absolutely good. The
notes and deeds of trust purported to be made by dif-
ferent parties to the order of different parties, including
two to said Wilgus, and the notes not made to him pur-
ported to be indorsed by the makers without recourse,
and all the notes were indorsed in blank by said Wilgus,
without recourse.

There was an opinion of an attorney attached to
each abstract, which plaintiff's husband said was ad-
dressed to said defendant, but which defendant said was
addressed to said Wilgus. This opinion plaintiff's hus-
band stated he destroyed long before the suit was
brought and before the forgeries were known, thinking it
of no further consequence. The evidence of both parties
tended to show that said opinions simply referred to the
title to the real estate; and said nothing about the
genuineness of the notes or deeds of trust.

The defendant's testimony tended to contradict the
plaintiff's in all essential particulars, and to show that
he fully informed the plaintiff's husband, before he pur-
chased the notes, that said Wilgus was the owner, and
that he, defendant, simply acted as agent for said Wilgus
in selling and receiving the purchase money therefor.
That defendant was not such owner and was in fact only
such agent. Defendant's evidence also tended to prove
that defendant did not know, and had no reason to know
or presume the notes and mortgages were forgeries, or
were not genuine papers owned by said Wilgus, until
after purchase by plaintiff. To this testimony plaintiff
objected and excepted. Defendant also testified that he

made no statement, representations or warranties whatever concerning them when plaintiff's husband purchased and paid for them. That said Wilgus himself took part in the transactions with plaintiff's husband and delivered the notes in one or more instances himself.

The court instructed the jury as follows at the request of the plaintiff, on the first count:

"1.  The court instructs the jury that if you find and believe from the evidence in this case that the defendant, as owner, sold to plaintiff a certain note dated June 23, 1914, for the principal sum of $1,500, purporting to have been signed by Alvin H. Schmidt and Lola E. Schmidt, and which said note purported to have been secured by a deed of trust upon lot numbered eighty in Schifferdecker's Second Addition to the City of Joplin, and that said note and deed of trust are forgeries, then you will find the issues in favor of the plaintiff, on the first count of plaintiff's petition, and assess her damages at the sum paid for said note, not exceeding the sum of $1,510, with interest thereon at the rate of six per cent per annum from date of demand therefor from defendant, if you find there was a demand, and if you find there was no demand, then from the date of filing suit, to-wit, December 20, 1918."

Similar instructions were given applying to each of the other counts of the petition. The following general instructions applying to all counts in the petition, were given for plaintiff:

"6.  The court instructs the jury that even though the defendant was not the owner of the notes and deeds of trust in question or any of them at the time plaintiff through her agent, W. B. Hunt, purchased the same or any one of them, if you find plaintiff did purchase the same or any one of them, from the defendant, and that the defendant was acting as the agent for A. B. Wilgus, Jr., yet if the evidence shows that defendant failed to tell or disclose to plaintiff's agent at or prior to the time of such purchase that he was acting as the agent for A.

B. Wilgus, Jr., or failed in any manner to disclose to the plaintiff's agent that he was not the owner of the notes and deeds of trust mentioned in the evidence or that said notes and deeds of trust or any of them were owned by A. B. Wilgus, Jr., and that said notes and deeds of trust so purchased, if you find the same were purchased, and that the signatures of the makers of the said notes and deeds of trust are forgeries, then as to the notes and deeds of trust so purchased and sold as aforesaid, you will find the issues in favor of the plaintiff.

"7.    The court instructs the jury that where a deed of trust is given covering real estate to secure the payment of a promissory note and the note is transferred by indorsement, such transfer of the note carries with it the security.

"8.    The court instructs the jury that if the evidence in this case shows that the notes in controversy herein, or any one of them, at the time the plaintiff purchased the same, or any one of them, if you find plaintiff did purchase the same, or any one of them, were indorsed in blank, that is to say, the indorsement was made by the payee of the note or the last indorsee thereon by simply writing his name across the back thereof, and if you further find that there was nothing said in the presence or hearing of plaintiff's agent W. B. Hunt, as to who owned said notes, or any one of them, and that plaintiff's agent had no knowledge who was the owner, at or prior to the time of such purchase by plaintiff, if you find there was such purchase, of said notes, or any one of them, and that the defendant at the time of the purchase of said notes, or any one of them, had possession of said notes, or any one of them, and had delivered the same to plaintiff's agent, then the plaintiff had the right to presume that the defendant was the owner of such note so indorsed, sold and delivered."

The court refused to give the following instruction requested by the plaintiff:

"9.    The court instructs the jury that any person who sells a negotiable instrument, whether as owner or

as agent for an undisclosed principal, represents and warrants that the signature to such instrument is genuine, even though the name of the person selling the instrument does not appear on the note.''  .

The court gave the following instructions at the request of the defendant:

''A.    The jury are instructed that the mere facts the evidence that the defendant W. E. Sanders sold the notes in controversy in this case to the plaintiff for A. B. Wilgus, Jr., and that at or before the time of the sale thereof, plaintiff or her agent were informed or was told by defendant W. E. Sanders that A. B. Wilgus, Jr., was the owner of the notes, then the jury should find the issues in favor of the defendant W. E. Sanders.

''B.    The jury are instructed that the mere facts that defendant Sanders sold plaintiff the notes and deeds of trust in controversy and that the signatures of the maker of said notes and deeds of trust were forgeries and that said notes and deeds of trust were and are now worthless, are not sufficient to warrant the jury in finding the issues in this case against the defendant W. E. Sanders.

''C.    The court instructs the jury that if they find and believe from the evidence that the plaintiff or her husband, who was acting for her, destroyed any document relating to the transactions in question, the presumption is that if said document were produced and offered in evidence it would be against the interest of the plaintiff.

''D.    The jury is instructed that the question as to whether or not the plaintiff or her husband relied upon the defendant Sanders as to what he represented is immaterial in this case. You are further instructed that the fact that plaintiff or her husband did not have an attorney to examine the papers in question is not material in this case, and that the evidence of the plaintiff to the effect that he did not have an attorney examine the papers is withdrawn from your consideration.

"E. The court instructs the jury that the burden of proof in this case is upon the plaintiff to prove all the facts necessary to a verdict in his favor, as defined in these instructions, by the preponderance or greater weight of the evidence. And by the terms burden of proof and preponderance of evidence, as used in these instructions, the court does. not refer to the number of witnesses sworn on either side, but means that in point of credibility and value the evidence to sustain the plaintiff's case must outweigh that for the defendant W. E. Sanders, and the jury are the sole judges of the credibility of the witnesses and of the weight and value to be given to their respective statements and evidence, and if the jury finds that the evidence to sustain the plaintiff's case does not outweigh that for the defendant, W. E. Sanders, or that the evidence in behalf of the plaintiff's case and that in behalf of the defendant W. E. Sanders is evenly balance, then the jury must find the issues in favor of the defendant, W. E. Sanders.

"And you are further instructed that if you find and believe that any witness has wilfully sworn falsely to any material fact in this case you may set aside the whole or any part of said witness's evidence.

"F. If the jury find and believe from all the facts and circumstances in evidence that plaintiff's agent knew at and before the sale and delivery of the notes and deds of trust that defendant did not own the said notes or loans of any of them, but was selling the same as agent for A. B. Wilgus, Jr., you will find the issues for defendant on such count or counts as the case may be."

The jury found a verdict for the defendant and judgment was entered accordingly. The plaintiff filed a motion for new trial, but being overruled, plaintiff appealed to this court.

I. The court should have given plaintiff's instruction No. 9, which it refused. It is the statute law in this State, since our Negotiable Instruments Law has

Genuineness
of Signature:
Warranties.

been in effect, and was the common law in this State prior to that time, that any person selling a negotiable instrument, which the notes in controversy here were, whether the owner, or agent of an undisclosed principal, represents and warrants the genuineness of the signature to the note, although the seller's name does not appear on the note.

Section 10035, Revised Statutes 1909, is as follows:

"Every person negotiating an instrument by delivery or by qualified indorsements warrants: (1) That the instrument is genuine and in all respects what it purports to be; (2) that he has a good title to it; (3) that all prior parties had capacity to contract; (4) that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless. But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee. The provisions of subdivision three of this section do not apply to persons negotiating public or corporate securities, other than bills and notes."

In Thompson v. McCullough, 31 Mo. 224, l. c. 225, the court said:

"The bill of exceptions does not show that any question was raised at the trial, by evidence or by instructions, as to whether the defendants were dealing with the notes as principals or agents. It merely appeared that they were bill-brokers and that the plaintiffs dealt with them, knowing them to be engaged in this sort of agency. There was no evidence, other than this fact, to show that they were acting as agents for any one else; or if they were, that they disclosed the name of their principal, and that the plaintiffs gave credit to him. Under such circumstances the defendants are to be held as principals.

"It appears to be very well settled that the vendor of a bill or note, without indorsement, is responsible for the genuineness of the paper. He is considered as rep-

resenting the note to be signed and indorsed by the persons whose names appear upon it in that character; and if these signatures are forgeries, the consideration fails. [Young and others v. Womersley and others, 3 Am. Law Reg. 502; 1 Jurist, N. S. 328.] Judgment affirmed.''

As said in Kinlen v. Railroad, 216 Mo. l. c. 163: ''As an abstract proposition, the instruction in our opinion correctly declares the law, and if there was evidence upon which to base it then the action of the court in refusing it was reversible error.''

The whole theory of plaintiff's case, evidence and pleadings, supported said instruction. The error in its refusal was not cured by the other instructions given for plaintiff, because they did not expressly and distinctly state that under the circumstances predicated in said instructions, the seller *represented and warranted* the genuineness of the signature to the notes and the jury should have been distinctly so informed by the court.

II. Instruction B given for the defendant was erroneous. It tells the jury that the mere fact that defendant sold the plaintiff forged notes and deeds

Selling
Forged
Notes.

of trust is not sufficient to warrant the jury in finding against the defendant. Such is not the law. The very reverse is the law. If there were no other facts in the case than that the notes and deeds of trust were forgeries and that the defendant sold them to the plaintiff, the defendant under said section of the statutes (Sec. 10035, R. S., 1909), and the common law, would be liable, because the mere fact of the sale by defendant, absent all other evidence as to the sale, would mean a sale as owner, or as agent for an undisclosed principal.

III. It is also objected by appellant that the court erroneously gave defendant's Instruction D, which told the jury that it was immaterial that plaintiff's husband

relied on defendant's representation, or that he had no

**Representations.** attorney to examine the papers, which latter fact was withdrawn from their consideration. We agree as stated by respondent's learned counsel, that the plaintiff's petition was based upon a warranty by defendant of the genuineness of the paper sold, which plaintiff could establish by showing either an express warranty or an implied warranty. Plaintiff in her instructions to the jury, however, did not ask to submit the case as upon an express warranty, but simply on the implied warranty raised by the law in case the defendant sold the paper as owner or as agent of an undisclosed principal, without making any express warranty. In case defendant made an express warranty, then he would be liable to the plaintiff, whether or not he disclosed his agency or his principal. [Wilder v. Cowles, 100 Mass. 1. c. 487.] Had plaintiff submitted her case as on an express warranty, the testimony excluded might have been competent, which, however, we do not pass on, as it is not before us. But, inasmuch as plaintiff did not attempt to submit her case as on an express warranty, we think the testimony excluded had no bearing on the implied warranty upon which alone the plaintiff did submit her, case, and the plaintiff cannot complain of this instruction. We must rule this point against the appellant.

IV. Instruction C, given for defendant, was erroneous. It is true that wilfully despoiling a document would justify a presumption of law against the despoiler,

**Despoiling Paper.** that the contents of the document were not as stated by him, but as by his adversary. [Pomeroy v. Benton, 77 Mo. 87; Tracy v. Buchanan, 167 Mo. App. 438.] In this case, the only dispute between the parties was as to whether the destroyed opinions were addressed to said Wilgus or to the defendant. There was no dispute as to their contents. Had they been wilfully destroyed by the plaintiff or her hus-

band, the only legitimate inference, as a matter of law, against the plaintiff would have been that they were addressed to Wilgus, and not that they contained any other matter detrimental to plaintiff's case—which it is not claimed they did contain. If the said instruction was proper at all, it should have been limited to creating a presumption against plaintiff that the opinions were addressed to Wilgus, as claimed by defendant, and should not have broadly stated that if said documents had been produced, they would have been against the interests of the plaintiff. But, we think, in this case, where the explanation of the destruction of the opinions by the plaintiff's husband, testified to by him, if true, shows that they were not destroyed wilfully to suppress evidence, it would be error for the court to declare in an instruction to the jury that there was any presumption of law with reference thereto, because, when the facts and circumstances appear, and conflicting inferences may arise therefrom, presumptions of law disappear, and it is for the jury to pass on the weight of the evidence and credibility of the witnesses, in view of all the facts and circumstances in the case, without any suggestion or comment by the court in its instructions as to any such presumptions. [Mockowik v. Railroad, 196 Mo. 550; Guthrie v. Holmes, 272 Mo. 215; Brunswick v. Ins. Co., 278 Mo. 154; Prentiss v. Ins. Co., 225 S. W. l. c. 701.]

V.  Appellant also objects to Instruction E, given for defendant, on the burden of proof. The portion objected to is the following: ''The court instructs the jury that the burden of proof in this case is upon the plaintiff to prove all the facts neces-sary to a verdict in his favor, as defined in these instructions, by the preponderance or greater weight of the evidence.''

Burden of Proof.

We think this instruction was proper, as there was nothing contained in the other instructions (which were all plaintiff's instructions) stated to be necessary for the

plaintiff to prove, in order to recover, which was not necessary for her to so prove. In this respect, it differs from the instruction on the burden of proof which the lower court gave, but which the Supreme Court of Massachusetts criticized in the case of Wilder v. Cowles, supra.

VI. Over the plaintiff's objection, the defendant was permitted to testify that it was not until sometime after the plaintiff purchased the notes in question that he knew they were forged, or that Wilgus was

Defendant's Knowledge of Forgery.

or had been dealing in forged papers. Error is assigned on account of this ruling. We think it is well assigned. It was wholly irrelevant and immaterial to any issue in the case whether or when defendant knew or did not know the paper was forged or Wilgus dealt in forged paper. Defendant's innocence or good faith in the matter was in no way called in question by the plaintiff in her petition, and it it in no way constituted a defense to the plaintiff's cause of action. The testimony complained of was improperly admitted.

Let the case be reversed and remanded for a new trial in accordance with the views herein expressed. It is so ordered. *Ragland, C.,* concurs; *Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.