### 33320. GRACE *v.* TODD.

WORRILL, J. This is an action against an auctioneer of land based on an alleged warranty by him of the title to the lands sold by him and bid in by the plaintiff. The petition alleges that the defendant Todd entered into a contract with one Early for Todd to auction and sell certain lands purporting to belong to Early; that pursuant to the contract the defendant advertised that he would sell the lands to the highest bidder; that on the date of the said auction sale, "and before offering said lands and parts thereof for sale at auction, that said defendant *made the statement* to prospective purchasers, including petitioner, that the title to said lands was good and that he had the right to sell the same and upon payment of the purchase-price to" a certain named attorney, a deed "would be executed the following morning free from all liens and encumbrances"; "that at said time petitioner *asked* said defendant if the title to said land was good, and said defendant *replied* that it was and that he would personally guarantee the same" (italics ours); that thereafter the plaintiff was the highest and best bidder for three parcels of the said land, and tendered his check for the purchase-price of $1305, drawn on solvent funds, to

the named attorney; that he was then informed that Early's title to the lands was subject to executions on the general execution docket in certain large sums and also subject to a certain deed to secure debt, and the plaintiff alleged that because of this failure of title to the lands he was damaged in the amount of $1695 by reason of the fact that he was unable to convey a good merchantable title to a prospective purchaser who had made him a bona fide offer of $3000. *Held*:

The present action is not one based on the failure of the owner to deliver an unencumbered title to realty after the requisites of an auction sale have been complied with, but is one where the bidder seeks to recover damages from the auctioneer because of his alleged warranty of title, acting not as agent for the owner of the realty but on his own responsibility. Disregarding, however, the question whether in a proper case an auctioneer might be liable upon his own personal warranty (See 5 Am. Jur. 487, § 57, 7 C.J.S. 1269 § 13; Schell *v.* Stephens, 50 Mo. 375 (2); Green *v.* Crye, 158 Tenn. 109, 11 S. W. 2d, 869), the petition in the present case does not show that the plaintiff paid out any money or sustained any actual loss, but assumes that he sustained a loss by reason of the failure of title and his inability to convey title to one who had made him a bona fide offer of $3000 and, without showing that he had become obligated to convey to such prospective purchaser, and, since it is disclosed by the petition that the plaintiff was unable to obtain a good title from the owner, regardless of any representation by the auctioneer, he can not be said to have been harmed by the auctioneer's statements. It follows that the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, C.J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. Assuming, for the sake of argument, that the plaintiff had a cause of action otherwise, no action for damages for fraud and deceit will lie unless the fraud involved actual moral guilt, and there are no such allegations in the instant petition. *Dundee Land Co.* v. *Simmons,* 204 *Ga.* 248 (49 S. E. 2d, 488), and cases cited.

DECIDED APRIL 6, 1951.

*Maddox & Maddox,* for plaintiff.
*C. H. Porter,* for defendant.