## COOLEY *v.* KING & COMPANY.

1. The motion to dismiss the writ of error, being without merit, is overruled.
2. In all cases of deceit, knowledge of the falsehood constitutes an essential ele-
   ment.    The evidence in this case fails to show that the representations made
   by the defendant, if untrue, were made in a fraudulent or reckless manner ;
   hence, a verdict for the plaintiff was without evidence to support it, and the
   trial judge erred in overruling the motion for a new trial.

Submitted June 20, — Decided July 24, 1901.

Action of deceit.    Before Judge Proffitt.    City court of Elberton.
November 30, 1900.

*Ira C. VanDuzer,* for plaintiff in error.
*Rogers & Rogers* and *J. N. Worley,* contra.

LITTLE, J.    King & Company brought an action of deceit against
Cooley, and the trial resulted in a verdict for the plaintiffs.    The
defendant made a motion for a new trial, which was overruled, and
he excepted.    The suit was based upon the following letter writ-
ten by Cooley:    "Critic, Ga. Feb. 10th, 1898.    Mr. J. S. King &
Co.:    I recommend to you Mr. John M. Craft Sr.    He is a man
of means and is a landholder.    He likes your goods and wants to
trade with you, because you sell cheaper than he can get it here.
He is an honest man and will pay his debts.    He is the father of
J. M. Craft Jr.    Please let him have goods.    [Signed] H. P. Cooley."
On this letter King & Co. sold goods to Craft on a credit to the
amount of $123.91.    There appears to be very little, if any, conflict
in the evidence.    It was shown that the letter was written by the

wife of the defendant at his instance; that the firm sold the goods on the faith of the letter; that the bill was not paid, the account was sued to judgment, and an entry of nulla bona made on the execution issued thereon. The plaintiffs introduced as a witness, presumably to prove bad faith on the part of Cooley in writing the letter, Craft Sr., the person named in the letter. He testified that he lived in South Carolina, and was probably insolvent; that he owned no land in Georgia, and did not own any in this State at the time the letter was written; but that he did own land in South Carolina, which was under a mortgage, and had other means, at the time the letter was written. He further testified that he was insolvent at the time of the trial; that no suit had been brought against him in South Carolina, nor effort made to collect the debt there; and that every statement made in Cooley's letter concerning him was true at the time it was made. The defendant testified that he directed his wife to write the letter; that the statements which it contained he thought to be true at the time they were made, and they were made in good faith; that he did not examine the title which Craft held to his land, but made the statements on the faith of what he saw and knew, without any intention to deceive the plaintiffs or anybody else; that he did not get one cent from the transaction. There was no conflicting or other evidence relating to the good or bad faith of the defendant, on which the jury could have based their verdict. On the call of the case in this court a motion was made to dismiss the writ of error on several grounds, all of which are without legal merit. See Civil Code, § 5527. The motion must therefore be overruled.

The motion for a new trial contains a number of grounds. Some of these allege that the trial judge erred in his instructions to the jury in certain specified particulars. An examination of these charges shows that, as principles of law applicable in actions of deceit, the instructions complained of were legal and proper to be given in the trial of such actions. It is also alleged in the motion that the verdict is without evidence to support it. We think that this ground of the motion is well taken, and that the verdict rendered should have been set aside and a new trial granted, because it is not sufficiently supported by any evidence which appears in the record. It is a well-settled principle of law, which needs no elaboration at this period in the history of our jurisprudence, that

in order to recover in an action of deceit, it is indispensable that the *scienter* be both alleged and proved. *Wooten* v. *Callahan*, 26 *Ga.* 366, s. c. 32 *Ga.* 382; *Manes* v. *Kenyon*, 18 *Ga.* 291; *Brooke* v. *Cole*, 108 *Ga.* 251. Our Civil Code, § 3814, declares, that in all cases of deceit knowledge of the falsehood constitutes an essential element; and in defining what is meant by knowledge of the falsehood, the same section declares that a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood. It is an indispensable requisite to a recovery that the statements proved to have been made were untrue, and in this regard this case was not made out. The only legitimate conclusion which can fairly be drawn from the evidence is that they were true at the time Cooley made them; and the facts, that Craft was insolvent at the time of the trial, and that after judgment no property of his could be found on which to levy an execution against him, do not prove that the representations were untrue when made. Nor is there anything in the evidence, even if they were shown to be false, which indicated that they were either fraudulently or recklessly made, nor which even tends to show that they were made with an intention to deceive. Hence, the verdict can not stand, and the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring.*