### 21569. HILL v. HICKS et al.

BELL, J. The plaintiff purchased two shares of stock in a bank of this State in February, 1921, and after the failure of the bank in May, 1926, brought the present suit (containing averments to toll the statute of limitations) against two of the former directors to recover damages claimed to have been sustained by the plaintiff by reason of fraudulent representations alleged to have been made by the defendants to the plaintiff as to the solvency of the bank. The evidence failing to show that any representations whatsoever had been made by the defendants, the plaintiff moved to amend the suit by alleging that the defendants defrauded the plaintiff by concealing the fact of insolvency from him. The court disallowed the amendment and granted a nonsuit, and the plaintiff excepted to these rulings. *Held:*

1. While there may have been some evidence to authorize the inference that the bank was insolvent at the time of the transaction with the plaintiff, which occurred more than five years before the bank failed, the evidence as to this issue was mainly if not entirely retrospective; and there was no proof whatsoever that the defendants when dealing with the plaintiff had any actual knowledge of such insolvency, and, therefore, it could not have been inferred that they were guilty of fraud in not disclosing the fact to the plaintiff. Civil Code (1910), §§ 4114, 4410; *Comer* v. *Granniss*, 75 *Ga.* 277 (2).

2. For the purpose of establishing a liability against a director of a bank for failure to perform his official duties, his knowledge of the financial condition of the bank is to be presumed; but this rule does not apply in a suit against the director to recover damages for a fraud alleged to have been committed by him upon a third person. Thus, in a case like the one now under consideration, the burden is upon the plaintiff to prove actual knowledge by the director of the condition of the bank, in order to establish liability for a fraudulent concealment of its insolvency. *Bennett* v. *Carter*, 168 *Ga.* 133 (3) (147 S. E. 380); *Mobley* v. *King*, 40 *Ga. App.* 451, 462 (150 S. E. 102).

3. The plaintiff would not have proved his case as laid even if the proffered amendment had been allowed, and it is therefore immaterial whether the court erred in rejecting this amendment.

4. The evidence failed to show that the plaintiff ever had a cause of action against the defendants, and it is unnecessary to pass upon any question as to the statute of limitations.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1932.

*J. H. Paschall, Y. A. Henderson, M. B. Eubanks,* for plaintiff.
*Joseph M. Lang,* for defendants.