## BAKER *et al. v.* MOORE *et al.*

No. 10682.  MARCH 13, 1936.

134

*J. A. Beazley,* for plaintiffs.   *J. A. Mitchell,* for defendants.

Russell, Chief Justice. Though the amount of land involved in this proceeding, according to the pleadings and the evidence is quite small and its value insignificant, the record presents several remarkable features—one of them quite novel, in that it presents a picture of both of the defendants in the lower court contending that one of them was not a party in the trial court. Both of them have made separate motions to dismiss the bill of exceptions. This court is always loath to dismiss a writ of error, and will not do so unless a dismissal is required upon principles of law which are mandatory. Under the Code of 1933, § 6-1307 (Code of 1910, § 6183), "The Supreme Court or the Court of Appeals shall not dismiss any case for want of any technical conformity to the statutes or rules regulating the practice in carrying cases to said courts, where there is enough in the bill of exceptions or transcript of record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." In this case both defendants were represented by the same attorney. By the act of 1911, generally known as the Bleckley act (Code, § 6-912), "Where a bill of exceptions which can be identified as excepting to a specific judgment shall be served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court. Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, . . unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Also: "Where an acknowledgment of service has been procured as provided in section 6-912, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service, although such person may not have been named in the bill of exceptions." § 6-913. In accordance with this rule, the defendant Moore, who pleaded and litigated in the court below, is hereby made an additional defendant in error, and will be dealt with accordingly.

As to the second point in the motion to dismiss, that it appears that there is no date to the certificate of the judge to the bill of exceptions, a sufficient answer is to be found in the Code, § 6-1312

(Code of 1910, § 6187): "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel." It is stated in the bill of exceptions that it was presented "within thirty days from the rendition and of the decision and order denying a new trial," and the judge who tried the case certifies this statement to be "true," without qualification. In regard to the violation of rule 9, and the other rules referred to in the fifth ground of the motion to dismiss, it is provided in the Code, § 6-1306: "No rule of the Supreme Court or the Court of Appeals shall have the effect to dismiss any case, as a penalty upon counsel or client, for noncompliance with any rule or rules of such courts, where there has been a substantial compliance with the laws prescribing the method of bringing cases to said courts; but the penalty for a violation of the rules shall be as for a contempt under the provisions of this Code." So the motions to dismiss the writ of error are denied.

The defendant Moore claimed in his answer that Victor Baker perpetrated fraud upon him at the time the casket was secured for the burial of Henry Baker, in that he represented to him that the property was clear and in Henry Baker's name, and that this fraud impressed whatever interest Victor Baker might have in the property to payment of the balance of Moore's bill for the funeral expenses; and Moore prayed for a lien on Victor Baker's interest in said property. In the course of the trial the defendants admitted that they could not contend for the front part of the dwelling-house lot, though still insisting that the back part of the lot was the propery of Henry Baker by prescription, and contended for a lien for funeral expenses on the one-fourth interest of Victor Baker in both the front and back portions of the lot. Under the admission of the defendant Moore that the plaintiffs were entitled to recover what is known as the 1-½-acre tract containing the dwelling-house, as heirs at law of Victoria Baker, and in view of

the fact that the jury found in favor of Moore, as administrator of the estate of Henry Baker, the two acres in the rear of Victoria Baker's dwelling-house lot, there is nothing further involved in this litigation except the question whether the one-fourth interest of Victor Baker in the property of his grandmother, Victoria Baker, should be impressed, as claimed by the administrator Moore, with a trust or lien for the burial expenses of Henry Baker; this in spite of the fact that the deed conveying the property to Victoria Baker had been recorded more than 30 years at the court-house in Crawfordville, where the undertaker lived. Victor Baker had constructive notice of this deed, and so had Moore; but to make out the charge of fraud against either Moore or Victor Baker it would be necessary to go further and show against either of them that he had actual notice, and there is no proof adduced in this case that Victor Baker had ever seen his grandmother's deed, or that he had examined the record and therefore knew that title was in her name at the time that he told Moore, if he did tell him, that Henry Baker had a good title. For the reason just stated, as well as by reason of the fact that there was no evidence in the record to authorize the jury to fix the sum of $85, the amount returned against Victor Baker, no lien can attach to Victor Baker's interest in the lot of his grandmother, Victoria Baker.

The court erred in the instruction to the jury quoted above in the statement of facts. The court, after instructing the jury as to what they should do in case they determined to subject the interest of Victor Baker to payment of the debt for the funeral expenses of Henry Baker; proceeded to say, "then that would apply to both tracts and his one-fourth interest in the two tracts, because it is admitted that if he had an interest in both tracts, it should be subject to the payment of this claim." The ground of the motion for new trial assigning error on this instruction is certified by the court as true; and it is thereby certified that "no such admission had been made by plaintiffs as stated in said charge had been made." The charge of the court on this point was equivalent to a direction of the verdict in favor of the defendant. The jury must be presumed to have understood the charge in the terms in which it was stated. See *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.*, 9 *Ga. App.* 108 (2) (70 S. E. 356). The instruction was un-

authorized, not warranted by the evidence, contrary to law, and required the grant of a new trial.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*