31995. CAMP REALTY COMPANY INC. *v.* JENNINGS.

DECIDED MAY 22, 1948.

Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr., for plaintiff in error.

Ben T. Beasley, W. E. Zachary, contra.

FELTON, J. ■ With reference to the contention that though the Camp Realty Company occupied no contractual relationship with the plaintiff on its own account, it owed the plaintiff a duty to notify him of the withdrawal of the owner's offer to sell her house for $13,500, we hold that in order for a cause of action to arise for fraud and deceit it must appear that the plaintiff concealed the withdrawal of the offer in the expectation that the plaintiff would, by virtue of the concealment, act in selling his house to his injury and damage, and that the defendant intended to deceive and injure the plaintiff by means of the concealment. Generally, only actual fraud will support an independent action for fraud and deceit (Penn Mutual Life Ins. Co. v. Taggart, 38 Ga. App. 509, 144 S. E. 400), and this case does not fall within any exception to the rule, if there is any. The element of intention to deceive is as necessary in an action based on concealment as one based on wilful misrepresentation. Code, § 105-302. An action for fraud and deceit must allege that the representation (or the concealment) was made with the intention and purpose of deceiving the opposite party (Brown v. Ragsdale Motor Co., 65 Ga. App. 727, 16 S. E. 2d, 176), and for the purpose of injuring him. 23 Am. Jur., p. 902, § 17. The defendant in this case was the agent of the owner of the house listed for sale, and not of the plaintiff. The deposit of earnest money with the agent made no change in the relationship between the parties because the agent had no authority to make a contract of sale. There was no contract binding the owner to sell for $13,500 and the owner could withdraw the proposal at any time before actual acceptance of it by a legally binding contract. The plaintiff was charged with knowledge that the owner could withdraw the offer or sell to another at any time before a legal acceptance of the offer had been accomplished. The defendant had a right to assume, in

the absence of allegations to the contrary, that the plaintiff would not sell his house until he was sure he could buy another, as he secured himself by not agreeing to buy another house until he knew he could sell the one he already owned. The offer to sell at $13,500 was made and withdrawn a time or two and the defendant might have thought or hoped that it would still be permitted to close the deal with the plaintiff at that figure after all, even though the owner had again withdrawn the offer to sell at that figure. But at any rate, unless the petition alleges that the defendant concealed the withdrawal of the offer, knowing or believing that the plaintiff would sell his house because of the fact that he had not been notified of the withdrawal of the offer to sell at $13,500, and for the purpose of causing the plaintiff injury and damage, the petition does not set forth a cause of action. The court, therefore, erred in overruling the general demurrer to the petition.

■ The petition does not allege that the plaintiff sold his old house for less than its value and does not allege that the house purchased through the defendant was bought for a price in excess of its value. The $1500 alleged as damages is not, therefore, the proper measure of damages and the court erred in overruling paragraph 5 of the demurrer which attacked the measure of damage alleged.

It is not necessary to pass on the other questions raised.

*Judgment reversed. Parker, J., concurs. Sutton, C. J., concurs in the judgment.*