## DUNDEE LAND COMPANY et al. v. SIMMONS.

JENKINS, Chief Justice. The petition shows that on or about April 5, 1943, a written executory contract was executed for the purchase of a lot with a cash-down payment and monthly deferred payments for the balance of the purchase-money. The agreement to purchase was for lot number 19 according to the recorded plat, to which reference was made. The petition shows, however, that defendant, at the time of the preliminary contract to purchase, actually pointed out to plaintiff the lot which was being purchased, and that plaintiff marked it off with stakes in the

presence of defendant. The petition shows that plaintiff subsequently met the deferred payments and received a deed designating lot number 19. He further shows that the lot which was thus actually pointed out was not lot number 19, but was in fact lot number 17; and that, relying upon the information thus imparted as to the location of the lot, and after receiving his deed on or about July 18, 1944, he subsequently erected a house on lot number 17, which had been pointed out to him as lot number 19, which house he had been compelled to remove. In his suit, instituted August 11, 1947, plaintiff alleged these facts and asked damages to cover the alleged cost incurred in removing the house from lot number 17 to lot number 19. The petition avers: "The defendant, J. Read Sweat, while acting within the general scope of the business relating to the said partnership and in the course of his and its agency for the defendant corporation, falsely stated and misrepresented to the plaintiff the location of the aforesaid real property, the subject-matter of the aforesaid transaction. Said false statement and misrepresentation was not made with malicious intent, but was made recklessly and without knowledge and without the exercise of ordinary care." The defendants demurred to the petition on the grounds that it failed to set forth a cause of action, and that in any event it showed a bar by the statute of limitations. The trial court overruled the demurrers, to which order defendant excepts. The Court of Appeals transferred the case to this court, inasmuch as that court, discussing mainly the question of limitations, was equally divided; MacINTYRE, GARDNER, and PARKER, Judges, voting for affirmance of the lower court; and SUTTON, Chief Judge, FELTON, and TOWNSEND, Judges, voting to sustain the demurrers and reverse the judgment of the trial court. *Held:*

1. This is not an action by which plaintiff disaffirms the validity of the contract that he claims was induced by false and negligent though innocently made representations, on account of which legal fraud plaintiff seeks and would be entitled to have the contract rescinded. Nor is the action an attempt on the part of the plaintiff to hold on to his contract, and while affirming its validity, seek its reformation so as to make it speak the truth as to the agreement actually made, and to compel its performance as reformed; or, if impossible of performance, to recover appropriate damages as measured by the terms of the reformed instrument. In none of the character of actions just mentioned is it necessary to allege and prove actual fraud such as involves moral guilt. Code, §§ 96-202, 37-202; *Reese* v. *Wyman,* 9 *Ga.* 430; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943); *Gibson* v. *Alford,* 161 *Ga.* 672, 682 (132 S. E. 442), and cases cited; *Sapp* v. *Ritch,* 169 *Ga.* 33, 35 (149 S. E. 636). On the contrary, the nature of the action actually brought is for damages, and indisputably sounds in tort. A tort is defined as, "the unlawful violation of a private legal right, other than a mere breach of contract, express or implied." Code, § 105-101. The gist of an action for damages in tort based on the falsity of representations is that they must have involved actual moral guilt. *Wooten* v. *Calahan,* 32 *Ga.* 382, 386; *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (1, b) (144 S. E. 400), and cases cited. The plaintiff failed to allege this. While pleading negligence on the part of the defendant, he not

only omitted any charge of purposeful deception, but on the contrary, affirmatively absolved the defendant of conscious moral guilt with intent to defraud. He does not allege that the defendant said that he knew when he knew that he did not know. Thus, while the suit is not styled an action for deceit, such is what it is, save and except that it lacks the essential element of intentional guilt. Code, § 105-302.

2. Under the foregoing ruling (independent of any questions as to a bar by the statute of limitations), the trial court erred in failing to sustain the defendant's general demurrer to the plaintiff's petition.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents, and Bell, J., absent on account of illness.*

No. 16309. SEPTEMBER 7, 1948.

*Shelby Myrick* and *Shelby Myrick Jr.*, for plaintiffs in error.
*Edwin Maner Jr.*, contra.