## 35651. PATTERSON *v.* CORRELL.

Decided May 31, 1955—Rehearing denied June 15, 1955.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher,* for plaintiff in error.

*John B. Griffin, contra.*

GARDNER, P. J. Code § 105-302 reads: "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code § 96-203 reads: "Concealment of material facts may in itself amount to a fraud— . . . 2. When, from any reason, one party has a right to expect full communication of the facts from the other." Code § 37-703 reads: "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitutes legal fraud."

An interesting decision in connection with the issue now being considered will be found in *Foster* v. *Sikes,* 202 *Ga.* 122 (42 S. E. 2d 441). While that case is not on all fours as compared to the facts in the case now before us, it is analogous to the case at bar in many respects. That case was carried from the Court of Appeals to the Supreme Court by certiorari, and the Supreme Court reversed the decision of the Court of Appeals and discussed the case fully. In *Beavers* v. *Williams,* 199 *Ga.* 113, 128 (33 S. E. 2d 343), the Supreme Court said: "Section 37-702 provides: 'Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived.' Section 96-202, which was doubtless patterned after the statement in *Smith* v. *Mitchell* [6 *Ga.* 458], provides: 'Fraud may exist from misrepresentations by either party, made with design to deceive, or which does actually deceive the other party.' It is clear that the gravamen of the offense is the deceit which is practiced." We call attention to

216

*Cosby* v. *Asher*, 74 *Ga. App.* 884 (41 S. E. 2d 793). That case is relied on by the defendant to sustain his position. We do not think the contention is sound under the facts of the instant case. We quote from *Cosby* v. *Asher* as follows: "Let us therefore gage the petition by the essential and necessary elements which must be alleged and proved in an action for fraud and deceit. The decisions of our court are clear and specific as to what these elements are: (a) that the representations were made by the defendant; (b) that they were knowingly and with design false; (c) that they were made for the purpose and intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the false statements were made did not know that they were false; (g) that he relied on their truth and suffered a loss." Upon a careful reading of the facts in that case and the instant case, while the law involved is the same, the facts are in no way similar. That case is the only authority called to our attention by the defendant. In the instant case, upon inquiry by the plaintiff to the defendant, the plaintiff was told specifically that he could obtain a permit, and the defendant, for the purpose of making a sale to the plaintiff, stated that the plaintiff *could* get the permit, when, at the time the defendant made the statement and before the deed was excuted and before the purchase price for the lots passed from the plaintiff to the defendant, the defendant knew that the plaintiff could not obtain such permit, and that the authorities of the City of Atlanta had so informed the defendant. This makes a set of facts quite different from those set out in *Cosby* v. *Asher*, supra.

The court did not err in overruling the general demurrers of the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*