39400.  DOANES v. NALLEY CHEVROLET, INC.

DECIDED MAY 1, 1962.

*C. M. Seward,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Frank M. Swift, Glover McGhee,* contra.

BELL, Judge. ■ Plaintiff in error insists that the trial court erred in sustaining the defendant's general demurrer because the petition stated a cause of action on the basis that the plaintiff had been defrauded.

In Georgia the essential elements of a cause of action for the common-law tort of deceit based upon fraud have been stated to be: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) *his right to rely thereon;* and (9) his consequent and proximate injury." (Emphasis added). *Snow's Laundry &c. Co. v. Georgia Power Co.,* 61 Ga. App. 402, 405 (6 SE2d 159).

In such a suit it is essential to allege, not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, but also that plaintiff had a right to act in reliance upon the misrepresentation and did so to his injury.

Attached to the plaintiff's petition was a photostat copy of the "retail buyer order" which the plaintiff signed and which under the allegations was completed down to the line setting forth the total cash delivered price. Above this line, and therefore appearing on the order when the plaintiff signed it, is the following language: "I understand and agree to pay 78.47 per mo for 36 mo's if I have my own Ins. and if I do not my payments will be 88.47 per mo. [signed] Onzelo Doanes."

It is apparent that this portion of the contract was particu-

larly called to the plaintiff's attention as he placed his signature immediately under the statement as well as at the bottom of the page in the space for the buyer's signature. The monthly payment of $78.47 for thirty-six months reveals, by simple arithmetic, the amount of the total payment the plaintiff was to make. The plaintiff thus could have determined the amount of allowance he received for his old car by making a few further arithmetical calculations, taking into account any unpaid balance on the car he was trading in, the rate of interest, and other charges assessable for instalment credit. Accordingly, he could not claim reliance upon alleged misrepresentations that he was to receive a greater allowance for his car. Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence. *Brim v. Couch*, 184 Ga. 310 (191 SE 94); *Lewis v. Foy*, 189 Ga. 596 (6 SE2d 788). See also *Jackson v. Smith*, 94 Ga. App. 697 (96 SE2d 193); *Camp Realty Co. v. Jennings*, 77 Ga. App. 149 (47 SE2d 917).

The misrepresentations must have been of such a nature and made under such circumstances that the injured party had a right to rely on them. 37 CJS 271, Fraud, § 30. As it was clearly demonstrated by his own petition that the plaintiff was not justified in relying upon the misrepresentation alleged, and as the right to rely on the alleged misrepresentations is an essential element of a cause of action for deceit, it is obvious that the trial court properly sustained the general demurrer and dismissed the petition.

■ The only other point pressed by the plaintiff in error is that the trial judge failed to allow the plaintiff time to amend after agreeing to do so and therefore erred in dismissing the petition.

The record reveals that the defendant's general demurrer to the original petition was sustained and the accompanying order granted the plaintiff thirty days in which to amend. The plaintiff did amend. The defendant filed renewed and additional general and special demurrers to the amended petition; the general demurrer was sustained; and plaintiff's amended petition was dismissed.

The bill of exceptions states, in effect, that after argument on the renewed general demurrer but before any ruling had been entered by the trial judge, the plaintiff requested of the court that, if the decision was to be adverse to him, he be allowed time to file additional amendments. The reply of the court to this request as worded in the bill of exceptions was simply "that he had made the request *at that time and was entitled by law to make additional amendments. . .*" (Emphasis added). The effect of this statement by the trial judge was merely that he was according to the plaintiff the right to which he was already entitled as a matter of law, i.e. to amend at any time prior to final judgment. The statement may not be construed as granting additional rights nor may it be interpreted as a promise by the trial judge to notify the plaintiff if the ruling were to be against him, so as to allow the plaintiff time to amend prior to the dismissal of the petition. It is therefore unnecessary for us to rule upon the question as to whether it would be reversible error for a trial judge to make such an oral promise and yet, nevertheless, dismiss the petition without allowing time to amend.

The trial court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*