40705. WHALEY v. HOLT et al.

DECIDED SEPTEMBER 9, 1964.

*Victor K. Meador*, for plaintiff in error.

*E. T. Hendon, Jr.*, contra.

BELL, Presiding Judge. By admission of counsel for the plaintiff in error the petition in this case does not sound in contract but rests upon the tort of fraud and deceit.

"In Georgia the essential elements of a cause of action for the common-law tort of deceit based upon fraud have been stated to be: . . . (4) the speaker's knowledge of its falsity or ignorance of its truth; . . ." *Doanes v. Nalley Chevrolet, Inc.*, 105 Ga. App. 846, 847 (1) (125 SE2d 717); *Daugert v. Holland Furnace Co.*, 107 Ga. App. 566, 569 (130 SE2d 763); *Snow's Laundry &c. Co. v. Ga. Power Co.*, 61 Ga. App. 402, 405 (6 SE2d 159).

The petition is lacking at least in the essential averment that the defendants had actual knowledge of the defective mechanical condition of the automobile sold to the plaintiff. The petition alleges that the defendants "knew or should have known the condition of the car" and "knew or should have known that said car was worthless for the purpose they sold it to this plaintiff." These allegations assert at most a constructive knowledge on the part of the defendants and this is not enough.

Where alternative allegations of knowledge are attacked by general demurrer: (1) the petition is sufficient to withstand attack *where the duty to know arises from the relationship;* (2) but the petition must capitulate to the demurrer *where the duty does not arise by reason of the relationship but arises only after actual knowledge. Hillinghorst v. Heart of Atlanta Motel*, 104 Ga. App. 731, 734 (122 SE2d 751); and see the numerous cases *Hillinghorst* cites. Here the relationship between the parties was merely that involving a sale of personal property with no extenuating circumstances pleaded. In this status the duty of the defendants to know of the falsity of their representation does not arise unless the petition charges them with actual knowledge.

The petition having alleged only constructive knowledge by the defendants of the falsity of their representations where an allegation of actual knowledge is essential, the trial court properly dismissed the petition on general demurrer.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*