## 51185. ALLRED v. DOBBS et al.

STOLZ, Judge.

The present appeal arises from a judgment sustaining the defendants' motions for directed verdict to the plaintiff's three-count complaint for damages. The plaintiff purchased a house from defendants Ivan Dobbs and Christine Bowling Dobbs which was the subject of a termite inspection by defendant Scott Exterminating Company, Inc. (Scott). The plaintiff's complaint alleges in Count 1 a tort action against the Dobbses based on fraud in the concealment of termite damage allegedly existing at the time of the sale, in Count 2 a tort action against Scott based on the negligent inspection of the house for the plaintiff's benefit prior to purchase, and in Count 3 a contract action against Scott based on a termite clearance letter issued by Scott "To Whom it May Concern."

1. The record reveals that the den of the residence was the area infested with termites. This area was constructed by Mr. Dobbs as an addition to his home. Upon occupying the premises, the plaintiff noticed a "soft spot" in the floor of the den. Several months later, the plaintiff removed the baseboards around two walls, found six holes drilled through the carpet into the wood floor, and detected a chemical odor in the carpet at these

locations. The plaintiff then removed the carpet and found a linoleum floor. Under the linoleum, the plaintiff found new pieces of flooring, subflooring and floor joists. At the trial, the plaintiff introduced evidence showing the deteriorated condition of all the lumber in the den floor and subfloor and the fact that the lumber was "highly infested with termites." There was testimony that it would have taken one to three years for the termites to accomplish the results demonstrated by the evidence.

A directed verdict is authorized where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; as amended). We cannot say that, under the evidence set out, a judgment for the defendants Dobbs was demanded as a matter of law. See *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490).

2. Count 2 alleges a tort action against defendant Scott based on the alleged negligence in performing a termite inspection of the house.

As set out previously, termite infestation was found only in the den area of the home. This area was constructed by defendant Mr. Dobbs by placing the supporting timbers in contact with the ground. The record also shows that there were six bricks absent from the exterior area of the den between the ground and floor level. No two spaces where bricks were absent were adjacent to each other.

Defendant Scott issued the following document: "This is to certify that on May 16, 1973, this company completed a comprehensive inspection of the above-listed property for the control of infestations of Subterranean Termites and Powder Post Beetles, also other wood destroying insects.

"We certify that the property is completely clear of infestations of Subterranean Termites and Powder Post Beetles. We further certify that there are no visible unsound timbers in the dwelling and that no repairs or alterations are necessary to insure the structural soundness.

"We further certify that based on a careful visible inspection of accessible areas and on sounding of

accessible structural members, there is no evidence of termite or other wood-destroying insect infestations in the subject property, and if such infestations previously existed it has been corrected and any damage due to such infestation has also been corrected."

The plaintiff contends that he is a third-party beneficiary of this contract. Defendant Scott contends that, under our decision in *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363 (203 SE2d 587), a tort action cannot be maintained, and that, under our decision in *Sherrill v. Louisville Title Ins. Co.,* 134 Ga. App. 322 (214 SE2d 410), the plaintiff cannot be a third-party beneficiary of the contract.

(a) A comparison of the *Stevens* decision and this case reveals material differences. In *Stevens,* defendant Orkin performed the "treatments," but it did not accomplish the required "control." This was regarded as a case of nonperformance of a contract obligation and, as such, fell within the ambit of the rule that mere failure to perform a contract obligation — or nonaction — gives rise to no claim in tort. In *Stevens,* this court went on to note the distinction where there had been *defective performance* of a contract obligation, which can give rise to a tort action. See *E. & M. Const. Co. v. Bob,* 115 Ga. App. 127 (153 SE2d 641). In the case before us, it is not defendant Scott's failure to inspect, but the negligent inspection itself which forms the basis of the plaintiff's claim. From those portions of the record previously recited, we cannot say that, as a matter of law, defendant Scott's inspection should not have revealed the termite infestation.

(b) The "guarantee" issued by defendant Scott, which has been set out in toto previously, cannot be compared to the title insurance policy referred to in *Sherrill,* supra, or other contracts where there is an agreement by one contracting party to pay the other contracting party, with no mention of any third party. In this case, the termite inspection and guarantee were essential ingredients of the overall plan — the sale and purchase of the Dobbs' residence by the plaintiff. While the cost was paid by the Dobbses, it was from the proceeds of the sale supplied by the plaintiff. Moreover, the

"guarantee" is addressed "To Whom it May Concern," not merely to the VA, or the FHA, or some named lender. Obviously, the plaintiff was one of those "concerned" with the contents of the "guarantee." In its first paragraph, the "guarantee" recites "a comprehensive inspection of the above listed property for the control of Subterranean Termites and Powder Post Beetles, also other wood destroying insects." The second paragraph certifies "that the property is completely clear of infestation of Subterranean Termites and Powder Post Beetles." The third paragraph *further* certifies that there is no evidence of termite or other wood destroying insect infestation in the subject property based on a "careful visible inspection of accessible areas and on surrounding of accessible structural members." The "guarantee" covered the entire premises based on the "comprehensive inspection" of the property, the "careful visible inspection of accessible areas and on sounding of accessible structural members." Moreover, while the guarantee was *based* on an inspection of "accessible areas," as previously shown, it certified that "the property is completely clear of infestations . . ." The guarantee was not limited to only accessible areas.

For the reasons set forth in Division 1, the trial judge erred in granting the motions for directed verdict in favor of defendants Ivan Dobbs and Christine Dobbs.

For the reason set forth in Division 2 (a and b), the trial judge erred in granting the motion for directed verdict of defendant Scott Exterminating Co., Inc.

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED SEPTEMBER 29, 1975 — DECIDED JANUARY 7, 1976.

*Jones, Wilson & Tomlinson, John E. Tomlinson,* for appellant.
*James R. Venable, J. Sam Plowden,* for appellees.