## 53582. HILL v. DELTA AIR LINES, INC.

SMITH, Judge.

Hill, the appellant, sued Delta for breach of an oral employment contract, for breach of an orally modified, written employment contract, for conspiring with others to interfere with her contractual rights, and for violating the due process clauses of the Fifth and Fourteenth Amendments of the Constitution. Hill has abandoned her oral contract claim and alleges on appeal that the trial court erred in granting summary judgment against her as to her other claims because questions of fact remained as to them and because the court failed to consider her two motions to enforce discovery and her motion to strike part of the written contract before granting summary judgment. Finding no error, we affirm.

Hill's written contract with Delta was for an indefinite period of employment and specifically stated that her employment was subject to termination "at any time without notice." Delta discharged Hill from her position as flight attendant because she deliberately protected her husband, who was traveling on a non-revenue pass, from removal from an overflow flight, and, in his stead, a fare-paying passenger had to disembark.

1. Appellee's motion to dismiss the appeal is denied. In *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447), the Supreme Court expressly disapproved their holding in *McDonald v. Rogers,* 229 Ga. 369 (191 SE2d 844), which suggested that the proper procedure for acquiring review of the trial court's refusal to dismiss an appeal was to file a motion to dismiss in the appellate court. Appellee has failed to follow the *Gilman Paper Co.* mandate that it file an appeal from the trial court's denial of the motion to dismiss.

2. Hill contends that before granting Delta's motion for summary judgment the trial court first should have considered her two motions to compel discovery and her motion to strike. Since Hill did not bring this matter to the trial court's attention at the hearing on Delta's motion for summary judgment, she waived any objection, and she cannot complain for the first time on appeal.

3. Hill contends that the trial court erred in granting summary judgment against her on her claims that Delta breached an orally modified, written employment contract and that Delta conspired with others to interfere with her rights under that contract. Hill alleged that the written contract was modified to include Delta's "open door policy" as a provision thereof. She further alleged that Delta breached the contract, as modified, by dismissing her without cause and by failing to permit her to have sufficient appeal of the decision to terminate. However, the alleged modification would not change the essential nature of the written employment contract. The written contract, signed by Hill, was of indefinite duration and therefore was terminable "at will by either party." Code § 66-101. Moreover, the contract itself explicitly provided that Delta could terminate her "at any time." Under these circumstances, as a matter of law, Delta's decision to terminate was not in breach of contract. Furthermore, since it had the right to terminate the contract at will, Delta cannot be held liable for conspiring to interfere with Hill's employment rights under the contract. *Campbell v. Carroll,* 121 Ga. App. 497 (174 SE2d 375). Summary judgment was therefore proper as to these two claims.

4. Hill contends that the trial court erred in granting summary judgment against her on her claim that Delta's termination procedure violated her rights under the Fifth and Fourteenth Amendments of the Constitution. Assuming arguendo that these due process clauses apply against Delta, nevertheless, as a matter of law, the termination procedure followed by Delta provided her with the requisite fair hearing. Before Hill's termination a Delta supervisor interviewed her and allowed her to tell her version of the incident on the overflow flight. Hill later had an interview with a second supervisor, who also listened to her side of the story and who informed her that Delta was dismissing her for her failure to remove her husband from the flight. Hill then was allowed appeals before Delta's vice president most immediately involved, before Delta's senior vice president of the company involved and before Delta's senior vice president of personnel. Each of these three officers listened to Hill's

version of the facts and then denied her request for reinstatement. Since the facts conclusively show that Hill received a fair hearing, the trial court did not err in granting summary judgment against her on her claim that Delta's decision to terminate violated due process.

5. We also find meritless Hill's contention that the trial court erred in granting summary judgment for Delta on her claim of fraud. Hill claimed that, for the purpose of inducing her and the other employees not to vote for a union, Delta promised it would institute an "open door policy" which would guarantee job security comparable to that offered by the union. However, actionable fraud cannot be based upon a promise as to future events; nor does actionable fraud arise from a mere failure to perform a promise. *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427); *Pantone v. Pantone,* 203 Ga. 347 (46 SE2d 498). To the above rule there exists an exception for promises as to future events made with the present intention not to perform. However, we have found that exception to be inapplicable where, as here, there is an underlying, ter-minable-at-will employment contract. *Ely v. Strato-flex, Inc.,* 132 Ga. App. 569 (208 SE2d 583). As a matter of law, therefore, Hill's claim of fraud was meritless.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Argued February 28, 1977 — Decided July 5, 1977 — Rehearing denied July 29, 1977 —

Paul R. Koehler, for appellant.
Robert S. Harkey, Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, James M. Griffin, for appellee.