### 36215. WINDJAMMER ASSOCIATES v. HODGE.

JORDAN, Presiding Justice.

We granted certiorari to review that part of the Court of Appeals' decision in *Windjammer Associates v. Hodge,* 153 Ga. App. 758 (266 SE2d 540) (1980) which treats the following issue:

In this action for actual fraud, could the jury reasonably infer from proof of Windjammer's status as landlord that Windjammer *knew* that Hodge's utility bills (Hodge was a lessee of Windjammer) included the cost of the hot water used, not only by Hodge, but also by another of Windjammer's lessees?

Windjammer Associates, landlord, sued Hodge for the latter's wrongful termination of a lease on commercial office space in the Windjammer Shopping Center. Hodge answered denying Windjammer's claim and counterclaiming for damages arising out of Windjammer's alleged breaches of contract and act of fraud.

The evidence at trial established that Hodge had in fact been paying utility bills which included not only the cost of hot water used by himself, but also the cost of hot water used by another of Windjammer's lessees (who, unlike Hodge, had his utilities included in his rent payments). Further, the evidence established that Windjammer had impliedly made a representation that Hodge's utility bill included only the cost of hot water used by himself. The only evidence, however, as to Windjammer's *knowledge* of Hodge's overpayment was evidence of Windjammer's status as landlord of the premises.

The trial court charged the jury regarding both the contract and fraud elements of Hodge's counterclaim. Following trial, the jury returned a verdict for Hodge, on both Windjammer's claim and his own counterclaim, awarding him $1,000 in damages.

On Windjammer's appeal, the Court of Appeals held that "there was evidence sufficient to authorize the judge to charge on fraud." As support for this holding, the Court Appeals responded as follows to Windjammer's contention that there was no evidence Windjammer *knew* that Hodge's utility bills included the cost of hot water used by himself and another lessee: "While one of the plaintiff partners testified that he had no actual knowledge that the condition as to the leased property existed whereby defendant was furnishing hot water to another tenant, nevertheless, a jury could infer knowledge as to the condition of the premises here leased. *After all, the plaintiffs are the landlords.*" We reverse this holding of the Court of Appeals.

"Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. *In all cases of deceit, knowledge of the falsehood constitutes an essential element.* A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code Ann. § 105-302.

"In arriving at a verdict, the jury, from facts proved . . . may infer the existence of other facts *reasonably and logically* consequent on those proved." Code Ann. § 38-123.

In *Hill v. Hicks*, 44 Ga. App. 817 (163 SE 253) (1931), a suit

alleging fraudulent concealment of a bank's insolvency, the Court of Appeals faced the issue whether, in an action for actual fraud, a jury could reasonably infer from proof of the defendant's status as director of the bank that the defendant *knew* that the bank was insolvent. The Court of Appeals concluded that the jury could not so infer.

Similarly, we hold here, in the present action for actual fraud, that the jury could not reasonably infer from proof of Windjammer's status as landlord that Windjammer knew that Hodge's utility bills included the cost of the hot water used, not only by Hodge, but also by another of Windjammer's lessees.

The verdict of $1,000 for the defendant reads simply, "We the jury, find for the defendant, $1,000." It is therefore impossible to discern whether the $1,000 verdict was returned on the defendant's counterclaim for breaches of contract or act of fraud. Accordingly, the verdict and judgment thereon must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 2, 1980 — DECIDED
JUNE 25, 1980.

*Louis F. Ricciuti,* for appellant.
*Harvey A. Monroe,* for appellee.