62236. LIVELY et al. v. GARNICK et al.

CARLEY, Judge.
On June 27, 1974, plaintiff-appellees entered into a contract with defendant-appellants to purchase a house which, at the time of the execution of the contract, was partially built. Appellants were to complete construction of the house in accordance with certain stipulations set forth in the contract for sale of realty. At the time scheduled for the closing of the sale some of the special stipulations had not been met. However, both parties were desirous of closing the transaction and it was agreed that the sum of $1,000 would be held in escrow and paid to appellants upon completion of the improvements in accordance with the special stipulations of the sales contract. This agreement was incorporated into the closing statement and the sale was consummated.

Subsequently appellees instituted the instant action to recover damages and predicated their claim upon appellant's alleged fraud and deceit in connection with the representations and promises made

at the closing and also with respect to certain alleged latent defects in the construction of the house discovered after the sale. Appellants' answer to the complaint denied the material allegations thereof and the case proceeded to trial. Final judgment was entered against appellants on a jury verdict in appellees' favor. Appellants appeal, enumerating as error several of the trial court's evidentiary rulings but the primary contention being that the evidence adduced at trial did not, as a matter of law, support a finding of fraud.

1. It is important at the outset to establish as the premise for resolving the issue of the general grounds that the action against appellants was not based upon negligent construction, breach of warranty or breach of contract. Appellees alleged that they were defrauded by appellants' failure to disclose certain defects in the property they were purchasing. Compare, e.g. *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716 (89 SE2d 816) (1955). Fraud, unlike negligence, breach of warranty or breach of contract, is premised upon the "actual moral guilt" of the defrauding party. *Dundee Land Co. v. Simmons,* 204 Ga. 248, 249 (1) (49 SE2d 488) (1949). "Mere concealment of [a material fact], unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element." Code Ann. § 105-302. "The element of intention to deceive is as necessary in an action based on concealment as one based on wilful misrepesentation. [Cit.] An action for fraud and deceit must [be based upon a] representation (or . . . concealment) [which] was made with the intention and purpose of deceiving the opposite party ([cit.]), and for the purpose of injuring him. [Cit.]" *Camp Realty Co. v. Jennings,* 77 Ga. App. 149, 151 (47 SE2d 917) (1948). "In all cases of deceit, knowledge of the falsehood constitutes an essential element." *Cooley v. King & Co.,* 113 Ga. 1163 (2) (39 SE 486) (1901). " 'In order to recover in an action of deceit, it is indispensable that the *scienter* be . . . proved.' " *Leatherwood v. Boomershine Motors,* 53 Ga. App. 592, 593 (186 SE 897) (1936).

Having thus established the applicable principles of law in the light of which the evidence in the instant case is to be viewed, we turn to the question of whether appellees proved that they were defrauded by appellants' concealment of latent defects in the construction of the house. "[I]n cases of passive concealment by the seller of defective realty, we find there to be an exception to the rule of caveat emptor . . . That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect [his] decision. [Cits.]" *Wilhite v. Mays,* 140 Ga. App. 816, 818 (232

SE2d 141) (1976). This means, of course, that the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect "could [not] have been discovered by the buyer by the exercise of due diligence . . . [and that the] seller was . . . aware of the problems and did not disclose them . . ." *Wilhite v. Mays,* 239 Ga. 31, 32 (235 SE2d 532) (1977).

Most of the alleged defects in the house, such as smeared grout on the tile, nails showing in the baseboard and mismatched trim on the exterior, were "discoverable by the purchasers' exercise of reasonable diligence to investigate and inspect" and cannot serve as the basis for holding appellants liable in fraud for "concealing" them. *P. B. R. Enterprises v. Perren,* 243 Ga. 280, 283 (253 SE2d 765) (1979). These defects would in all probability support a finding of negligent construction, breach of warranty or breach of contract, but not fraud. There is, however, evidence in the instant case which indisputably demonstrates that the house purchased by appellees contained defects which were not discoverable until after they had moved into it. Indeed, the evidence demonstrates that there were defects in the original construction of the house, such as a faulty air conditioner, a sagging carport roof and leaky chimney, which could not have become apparent until some time after it was occupied as a dwelling. We have carefully and thoroughly reviewed the transcript to discover if there was any evidence whatsoever from which a jury could find that appellants knew at the time they sold the house that it was "defective" in the ways which ultimately became apparent to appellees. We find no such evidence of appellants' "moral guilt" with regard to these defects in the house. The most the evidence shows is that appellants were negligent builders or in breach of warranty or of contract. While it is clear that the house contained defects which were likely the result of negligent construction or failure to conform to contract or warranty specifications, there is no evidence that at the time appellants sold the house they had "special knowledge" of these defects and yet concealed them from appellees. Compare, e.g., *Wilhite v. Mays,* 239 Ga. 31, supra; *Holman v. Ruesken,* 246 Ga. 557 (272 SE2d 292) (1980).

Appellees urge that the jury was entitled to infer from the fact that appellants built the house that appellants had actual knowledge that it would prove defective. It is clear, however, that in a fraudulent concealment action the allegedly defrauded party must prove that the alleged defrauder had *actual,* not merely constructive, knowledge of the fact concealed. See *Hill v. Hicks,* 44 Ga. App. 817 (163 SE 253) (1931); *Whaley v. Holt,* 110 Ga. App. 228 (138 SE2d 196) (1964); *Randall v. Smith,* 136 Ga. App. 823 (222 SE2d 664) (1975); *Derryberry v. Robinson,* 154 Ga. App. 694 (269 SE2d 525) (1980).

Obviously this is true because if there is no actual knowledge of the defect on the part of the silent party there can be no concealment of it with the *intent* and for the purpose of deceiving the opposite party. An assertion that one "should have known" of a defect alleges "at most a constructive knowledge." *Whaley,* 110 Ga. App. at 230, supra. There must be some evidence of the silent party's actual knowledge that the defect exists at the time of the sale from which his "moral guilt" in concealing it can be inferred. See generally *Whiten v. Orr Const. Co.,* 109 Ga. App. 267 (136 SE2d 136) (1964); *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901) (1966); *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (154 SE2d 627) (1967) (laying brickwork in freezing weather with knowledge that it would result in "bad bonding"); *Batey v. Stone,* 127 Ga. App. 81 (192 SE2d 528) (1972) (aware of defective waterproofing which was actively concealed); *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (209 SE2d 236) (1974) (builder aware of defective mortar); *Allred v. Dobbs,* 137 Ga. App. 227 (223 SE2d 265) (1976) (seller-builder aware of termite infestation and had actively concealed it). But to hold that evidence merely that a builder constructed a house which subsequently develops defects presents a jury question as to his "moral guilt" for fraud without some evidence that he had actual knowledge of the defect at the time of sale would mean that the legal theories of res ipsa loquitur or strict liability are applicable to a suit for the tort of fraud and deceit. In our opinion a builder may negligently construct a house or be in breach of his contract or of warranty and yet be free of the moral guilt of fraud. Accordingly we hold that it is not a "reasonable or logical" inference from the mere fact that a builder-seller has constructed a house subsequently discovered to be "defective" that he *knowingly concealed* those defects and thereby deceived and defrauded the purchaser. See *Windjammer Associates v. Hodge,* 246 Ga. 85 (269 SE2d 1) (1980).

The evidence in the instant case demonstrates that the house sold by appellants contained "defects" which subsequent to the sale became apparent to appellees. However, there is likewise no evidence that these defects were apparent to appellants at any time before they were discovered by appellees. There is no evidence whatsoever that appellants actively pursued a known course of "defective" construction with knowledge of that fact or made any effort to actively conceal defects known to them nor any other evidence from which it could be inferred that appellants defrauded the appellees in the sale of the house. See e.g., *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 490 (4) (258 SE2d 159) (1979), revd. on the grounds, 245 Ga. 355 (265 SE2d 7) (1980). Absent some evidence of appellants' "moral guilt" in effectuating the sale with actual knowledge of the house's

defects, a recovery and judgment predicated upon appellants' fraud and deceit cannot stand. *Windjammer Associates v. Hodge,* 246 Ga. 85, supra. It was error to deny appellants' motion for judgment n.o.v. as to these latent defects in the house.

2. Appellees' complaint, as amended alleged that they had been defrauded by appellants' failure to disclose that the house was situated so close to the boundary lines as to violate applicable protective covenants and zoning ordinances and, in fact, encroached upon drainage and utility easements. Again, it is important to note that appellees alleged that this failure to disclose was an act of fraudulent concealment and, therefore, it was incumbent upon them to prove that appellants had actual knowledge of the defect at the time of the sale. Our review of the transcript reveals no evidence that appellants had actual knowledge at the time of the sale that the house was in violation of the covenants and encroached upon the easement. The most that the evidence shows is that appellants had "constructive notice" of the covenants and easement through a recorded plat. "[B]ut to make out the charge of fraud against [them] it would be necessary to go further and show . . . that [they] had actual notice, and there is no proof adduced in this case that [they] had ever seen [the plat], or that [they] had examined the record and therefore knew that [the house was in violation of the easement and covenants] at the time" they sold the house to appellees. *Baker v. Moore,* 182 Ga. 131, 137 (184 SE 729) (1935). Surely it was a grievous omission on the part of appellants to fail to check the records and it is possible that appellees had a breach of warranty claim against appellants but the action is not based in negligence or in contract but in fraud. It was error to fail to grant appellants' motion for judgment n.o.v. Compare *Fenley v. Moody,* 104 Ga. 790 (30 SE 1002) (1898); *Patterson v. Correll,* 92 Ga. App. 214 (88 SE2d 327) (1955).

3. Appellees also allege that they were fraudulently induced by appellants to consummate the sale by appellants' promises that the house would be completed in accordance with the special stipulations of the sales contract and that such promises were made with an intention not to perform. The general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future. *Jackson v. Brown,* 209 Ga. 78 (2) (70 SE2d 756) (1952); *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427) (1958). Nor does actionable fraud result from a mere failure to perform promises made. *Pantone v. Pantone,* 203 Ga. 347 (46 SE2d 498) (1948). "Otherwise any breach of a contract would amount to fraud." *Ga. Real Estate Comm. v. James,* 152 Ga. App. 193, 195 (262 SE2d 531) (1979). However, appellees attempt to place the promises made here within the ambit of appellate decisions which make an exception to the general rule

and hold that fraud may be predicated on a promise as to future events made with a present intention not to perform (*Hill v. Delta Air Lines,* 143 Ga. App. 103, 105 (237 SE2d 597) (1977)) or where the promisor knows that the future event will not take place. See *Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (207 SE2d 197) (1974); *Hill v. Stewart,* 93 Ga. App. 792, 796 (92 SE2d 829) (1956).

The evidence in the instant case reveals that in spite of the fact that the house had not been completed, the appellees were at least as anxious as appellants to close the sale. All parties agreed that $1,000 was to be held in escrow and would not be disbursed to appellants until the house was completed in accordance with the special stipulations of the contract. Even construing the evidence most strongly in favor of appellees, it appears that appellants or their employees went to appellees' house "many times" and completed the vast majority of the improvements pursuant to the agreement at closing. Mr. Garnick did testify that certain problems arose in connection with maintenance and equipment installed in the house; however, these were not improvements that appellants agreed to complete at the closing. If the evidence shows anything, it shows a mere breach of contract. There is no evidence that appellants did not intend to comply with the terms of the special stipulations at the time the promises were made at the closing. Compare *Four Oaks Properties v. Carusi,* 156 Ga. App. 422 (1) (274 SE2d 783) (1980); *McCravy v. McCravy,* 244 Ga. 336, 337-338 (260 SE2d 52) (1979). As the evidence was insufficient to establish fraud predicated on promises prospective in nature, the trial court should have granted appellees' motion for directed verdict as to appellees' claim based upon the special stipulations. *Pantone v. Pantone,* supra. Therefore, the denial of the motion for judgment n.o.v. as to these claims was also error.

4. For the reasons discussed supra, it was error to fail to grant appellants' motion for judgment n.o.v. Remaining enumerations of error are therefore moot and need not be addressed.

*Judgment reversed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., dissents.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED DECEMBER 4, 1981 —

*Isaac S. Jolles,* for appellants.
*Jay M. Sawilowsky,* for appellees.

DEEN, Presiding Judge, dissenting.

Assuming arguendo that actual fraud embracing "actual moral guilt" has not been proven by the evidence, constructive fraud and lesser evidentiary requirements not amounting to moral guilt and supporting negligent construction, breach of contract and breach of warranty seem to have been met. While lesser claims alleged under the CPA such as negligent construction would appear to be included in the greater allegations of fraud it would not obtain in reverse. See generally §§ 2-5, 2-6 and 2-7, pp. 16, 17 and 18, *Ga. Prac. & Proc.,* 4th Ed.

The jury, after hearing a great deal of testimony, returned a verdict of $20,000 in favor of plaintiff-appellees. We cannot say there is no competent evidence to support the verdict and judgment in this case. I would affirm.