68890. BELTZ v. ATLANTA COACHWORKS
CORPORATION et al.
(323 SE2d 901)

McMURRAY, Chief Judge.

Defendant Atlanta Coachworks Corporation, which was owned by defendants Griffin and Faulk, was in the business of importing certain models of Mercedes automobiles which are not exported to the United States by the manufacturer. This business involved purchasing the automobiles in Germany, transporting them to the United States and modifying them to comply with emission control standards and U. S. Department of Transportation requirements.

Responding to a newspaper ad, plaintiff, a resident of the State of Michigan, telephoned and then traveled to Atlanta where he visited the place of business of defendant Atlanta Coachworks Corporation. Plaintiff met and spoke to defendant Griffin and test drove a Mercedes. At that time, however, the model and color vehicle desired by plaintiff was not available.

A month following plaintiff's visit to Atlanta, defendant Faulk telephoned plaintiff to say that a Mercedes such as plaintiff wanted was available. Plaintiff sent a deposit of $5,000 to "Atlanta Coachworks, Attn: Jim Faulk, 3780 North Peachtree Road, Chamblee, Georgia 30341." The check was endorsed as follows: "Atlanta Coachworks, Bryce Griffin, Pay to the Order of Atlantic & Pacific Trading."

Subsequently, no vehicle was delivered to plaintiff and he made repeated demands either to deliver the Mercedes or refund his deposit. Plaintiff filed this action against defendants alleging fraud, con-

version, and implied promise (money had and received). Defendant Griffin filed his answer but no answers were filed by defendants Faulk and Atlanta Coachworks Corporation.

The action was tried before the court without a jury, subject to a stay in bankruptcy as to defendant Faulk. The trial court rendered its judgment in favor of defendant Griffin on all three counts of plaintiff's complaint and in favor of defendant Atlanta Coachworks Corporation in regard to plaintiff's allegation of fraud and implied promise. The trial court entered its judgment in favor of plaintiff and against defendant Atlanta Coachworks Corporation as to plaintiff's allegations of conversion ($5,000, plus attorney fees of $558 and court cost of $60). The court reserved any findings until a later date as to any claims against the defendant Faulk by reason of his bankruptcy.

Plaintiff appeals from the judgment in favor of Griffin and from the judgment in favor of defendant Atlanta Coachworks Corporation as to the allegations of fraud and implied promise. Plaintiff's three enumerations of error raise various arguments in regard to whether the judgment was authorized by the evidence and will be considered together. *Held*:

1. "Factual findings and credibility determinations by the trial court will be upheld on appeal if there appears in the record any evidence to support them. *Guye v. Home Indem. Co.*, 241 Ga. 213 (244 SE2d 864) (1978)." *Dudley v. Snead*, 250 Ga. 804 (1) (301 SE2d 480). See also *Barrell v. Gibson*, 153 Ga. App. 621 (266 SE2d 308). The trial judge can determine when essential facts have not been proven. *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 352 (214 SE2d 588).

2. " ' "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." ' *Romedy v. Willett Lincoln-Mercury, Inc.*, 136 Ga. App. 67 (220 SE2d 74) (1975)." *U. S. Life &c. Ins. Co. v. Hutsell*, 164 Ga. App. 443, 447 (2) (296 SE2d 760).

"The general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future. [Cits.] Nor does actionable fraud result from a mere failure to perform promises made. [Cits.] 'Otherwise any breach of a contract would amount to fraud.' [Cit.]" *Lively v. Garnick*, 160 Ga. App. 591, 595 (3) (287 SE2d 553). Although an exception to the general rule exists where a promise as to a future event is made with a present intention not to perform or where the promisor knows the future event will not take place (see *Lively v. Garnick*, 160 Ga. App. 591, 595-596 (3), supra), plaintiff has presented no evidence suggesting that this exception is applicable. As there was no evidence of actionable fraud, the trial court did not err in entering judgment as to this issue in favor of defendants Griffin

and Atlanta Coachworks Corporation.

3. The trial court was authorized by the evidence presented at trial to conclude that there had been no proof that defendant Griffin had ever been in possession of plaintiff's $5,000, nor converted it. Thus, the trial court's judgment in favor of defendant Griffin was authorized as to plaintiff's allegation of conversion (*Montgomery v. Pickle*, 108 Ga. App. 272, 273 (4) (132 SE2d 818)), and as to plaintiff's allegations of implied promise (money had and received). *King v. Forman*, 71 Ga. App. 75, 76 (2) (30 SE2d 214).

4. Any error by the trial court in entering judgment in favor of defendant Atlanta Coachworks Corporation and against plaintiff in regard to plaintiff's allegations of implied promise (money had and received) was harmless. Plaintiff, having obtained a judgment against defendant for $5,000 plus all attorney fees and court costs proven at trial, has obtained full satisfaction (in relation to defendant Atlanta Coachworks Corporation). The judgment which plaintiff seeks in relation to his allegations of implied promise could be no greater than that entered by the trial court; thus, there is clearly no harm to plaintiff by his not having been afforded an election of remedies. Double recovery of the amount of damage is not permitted. See in this regard *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318, 321 (8) (291 SE2d 238); *UIV Corp. v. Oswald*, 139 Ga. App. 697, 699 (229 SE2d 512).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Herman G. Snipes*, for appellant.
*Fletcher W. Griffin III, Harmon T. Smith, Jr.*, for appellees.